## REILLY v. CAVANAUGH.

ATTORNEYS.—LIABILITY OF.—An attorney is liable to his client for the consequences of his ignorance, carelessness or unskillfulness.

SAME.—EVIDENCE.—Where damages were asked against an attorney for the consequences of his unskillfulness in taking a judgment upon insufficient service of process, it was held that the fact of the alleged defective service could only be proved by the record.

APPEAL from the Warren Common Pleas.

FRAZER, J.—This was a suit by Reilly, who claims to be an attorney, to recover for professional services rendered for the appellees. The demand was $500. The answer

was: 1. General denial. 2. Counter-claim, alleging that the plaintiff so ignorantly and unskillfully managed the business that the defendants suffered loss, and were compelled to pay heavy costs, &c. 3. Set-off.

It is assigned for error that the court below overruled a demurrer to the counter-claim. The court was plainly right, and the question needs no discussion. An attorney is always liable to his client for the consequences of his ignorance, carelessness or unskillfulness, just as a physician is for his mal-practice; and we cannot forbear remarking that a few suits of the kind, judiciously distributed through this State, might, by making this principle of law more publicly known, have some tendency to relieve the community of the consequences which have resulted from that section of the state constitution which allows every voter, who can prove a good moral character, to practice law in all our courts.

There was a reply of general denial; a jury trial; a verdict for the defendants, assessing their damages at seventy dollars. A motion for a new trial by the plaintiff was overruled, and a judgment on the verdict.

The misfortunes of the appellees, attributed to the ignorance and carelessness of the plaintiff, seem to have had their rise in the fact of his taking a judgment for them by default upon insufficient service of process. This begat subsequent suits to restrain the collection of the judgment, in which the *Cavanaughs* were defeated and compelled to pay heavy costs, besides losing the debt sought to be collected. Witnesses who were skilled, called to speak as to the skill and care evinced by the plaintiff, were allowed incidentally to state the fact as to the defective service of process as the basis of their opinion concerning the question of skill. The plaintiff objected to this, because the record of those proceedings afforded better evidence of the fact. This objection was overruled, and the ruling of the court was assigned as one cause for a new trial, and the question is presented here. We are not disposed to base

our judgment upon this matter. It was difficult for witnesses to express an opinion upon the question of skill without referring to the facts upon which that opinion rested. That reference was incidental merely, and possibly it was not error to permit them to make the statement, not as proof of the fact stated, however, but as giving the foundation of the opinion expressed. But this is at least doubtful. But this could not supply the place of the record itself. The rule is familiar, that the contents of a record must be proved by its production, and not by oral evidence. The record was not put in evidence, nor its absence accounted for. Without this, there was no proper evidence that the fact existed upon which the theory of the malpractice of the appellee was attempted to be sustained. The evidence was therefore insufficient to sustain the verdict, and upon that ground we think that the motion for a new trial should have been sustained.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*M. M. Milford, W. P. Rhodes* and *L. Reilly,* for appellant.
*J. McCabe,* for appellee.

