## WALPOLE'S Administrator *v.* CARLISLE.

ATTORNEY.—*Negligence.*—*Evidence.*—An attorney commenced an action on a replevin bond placed in his possession for that purpose by the plaintiff, and two years afterwards suffered it to be dismissed. Four years thereafter he recommenced the action as on a lost bond, and after two years, without the knowledge or consent of the plaintiff, dismissed it as to all the solvent defendants, they having denied the execution of the bond under oath, and took judgment against the others, whereby the plaintiff lost his claim. After the attorney's death the bond was found in his office.

*Held,* in a suit by said plaintiff against the administrator of the attorney's estate for negligence and misconduct in the management of said action, these facts appearing in evidence, that they warranted the jury in finding that the attorney was guilty of negligence.

*Held,* also, that the fact that no evidence was offered that the plaintiff was prepared in the action on the bond to prove the execution thereof by the defendants who had denied its execution under oath, would not defeat a recovery in this action.

NEW TRIAL.—*Motion for*—*Excessive Damages.*—Where it is not assigned as a cause in a motion for a new trial that the damages assessed by the jury are excessive, the Supreme Court will not examine that question.

APPEAL from the Marion Common Pleas.

GREGORY, J.—The appellee sued the appellant in the court below for negligence and misconduct of the defendant's intestate, as an attorney and counselor at law, in the management of an action in the Marion Circuit Court on a replevin bond, wherein the appellee was the plaintiff, and Orrick, Geisendorff, Hanway, Parker, and Howard were the defendants. The plaintiff, in his complaint, averred, that after suit was commenced Walpole carelessly lost the bond which had been placed in his possession; that, some two years after the commencement of the action, he suffered a *nonsuit* without the knowledge or consent of the plaintiff, by which the plaintiff was subjected to the payment of the costs; that Walpole concealed the fact from the plaintiff for some four years, and then recommenced the action as on a lost bond; that when the case came on for trial, the defendant's intestate, without the knowledge or consent of the plaintiff, dismissed the action as to Hanway and Geisendorff, who were the only solvent .defendants, .and took a judgment

against the other defendants, by means whereof the plaintiff wholly lost his claim.

The case is here on the evidence. The only cause assigned in support of the motion for a new trial is, that the verdict of the jury is against the evidence.

The records of the three actions, the original action of replevin and the two on the bond, were introduced in evidence; it was proved that the bond was found in Walpole's office after his death; it was admitted that Walpole dismissed the action as against Hanway and Geisendorff, without the knowledge or consent of the plaintiff, and that they were the only solvent defendants. The records show that the first action on the bond was commenced in April, 1859, and dismissed in 1861; that the second action was commenced in 1865, and disposed of in 1866. Hanway and Geisendorff had denied the execution of the bond under oath. There was no evidence offered that the plaintiff was prepared to prove the execution of the bond as to them on the trial of the action, and it is claimed that this omission is fatal to the plaintiff's right to recover.

The jury were warranted in finding, under the evidence, that the defendant's intestate was guilty of negligence. It may be, that the damages assessed by the jury are excessive; but this was not made a ground for the new trial in the court below, and, therefore, cannot be examined here.

Judgment affirmed, with costs.

*J. S. Harvey* and *N. VanHorn,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.