Skillen, Surviving Partner and Administrator, v. Wallace, Administrator.

36 319
126 490

Attorney.—*Negligence.*—*Liability.*—A complaint is sufficient, charging that an attorney employed to prosecute a suit for the recovery of valuable land, when a jury had returned a verdict in his favor, took the same and by his negligence and unskilfulness altered the verdict, so as to include only a worthless piece of the property sought to be recovered, and at his request the jury accepted the same as their verdict, to the plaintiff's damage.

APPEAL from the Marion Common Pleas.

Pettit, J.—The substance of the complaint was, that the plaintiff was the owner of a valuable piece of ground, describing it, in the city of Indianapolis; that one Carlisle was wrongfully in possession of it; that he employed Walpole, who was an attorney at law, to bring and prosecute a suit for the recovery of possession, and damages for its detention. Walpole brought and prosecuted the suit; that the jury in that suit brought in a verdict for the plaintiff for the whole ground, which was of great value; that when the verdict was brought in by the jury, Walpole took and altered it so as to cover a very small and much less, and a totally valueless piece of ground, and asked the jury to find the verdict thus altered, which they did; that this was carelessness, negligence, and unskilfulness on the part of Walpole, by which the plaintiff was damaged in the sum of ten thousand dollars, and for which sum he claims judgment.

A demurrer, for want of sufficient facts, was sustained, and exception taken, and the correctness of this ruling is the only question before us in this case. It is not pretended that an attorney is not liable in damages for his negligence, carelessness, or unskilfulness in his profession, by which his client is injured, and it would be supererogation to cite authorities on this point. But it is contended that the verdict was the jury's and not Walpole's; that all that was done was in the presence, and with the sanction of the court and jury, and that, therefore, Walpole cannot be liable, however much his action may have injured his client.

We do not concur in this view.   If a plaintiff is entitled to recover one thousand dollars, and a jury brings in a verdict for that sum, and the plaintiff's attorney asks the jury to reduce or alter the verdict to five hundred dollars and they do so, can it be contended that for this act he would not be liable to his client ?   We cannot see that there is any legal difference in the case before us and the one supposed.

We hold that the complaint is good, the unskilfulness, carelessness, and negligence being fully shown in it.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings.

*S. E. Perkins* and *S. E. Perkins, Jr.*, for appellant.

*J. S. Harvey*, for appellee.