No. 9286.

## NICKLESS v. PEARSON.

ATTORNEY.—*Negligence.*—*Complaint.*—A complaint by a client against an attorney, averring that upon a note in his hands for collection, containing no waiver of appraisement laws, his attorney obtained a judgment with such waiver, in consequence of which the property of the debtor, worth $3,000, was sold for $306, leaving the debtor insolvent and $1,200 of the judgment unsatisfied and worthless, and that, if the judgment had been without the waiver, the property sold would have yielded enough to satisfy the judgment, is insufficient on demurrer.

From the Lawrence Circuit Court.

*G. Putnam, W. R. Gardiner* and *S. H. Taylor,* for appellant.
*G. W. Friedley, E. D. Pearson,* —— *Martin* and *S. D. Luckett,* for appellee.

FRANKLIN, C.—Appellant sued appellee as an attorney,. for negligence in the collection of a note.

The complaint avers that on the 6th day of August, 1870,. appellee owned a judgment against appellant, and to secure the payment of said judgment, appellant assigned to appellee as collateral security a note on one Roby; that appellee was to collect the same, satisfy the judgment out of the proceeds and pay the surplus, after deducting his attorney's fees, to· appellant; that the amount of the note was in excess of the amount of the judgment.   Appellee's receipt for the note as collateral security contained a stipulation that his judgment should bear ten per cent. interest.   The note was dated August 3d, 1870, and due one day after date.   That Roby at that time held and owned property out of which the amount of the note could have been made.   That the note was executed without any waiver of valuation or appraisement laws.. That at the August term, 1870, of the Daviess Circuit Court,. said appellee took judgment on said note for $1,515.25, bearing ten per cent. interest, and procured the same to be rendered waiving relief from valuation or appraisement laws,. and on the 20th of September, 1870, caused an execution to issue on the same, collectible without relief from valuation or appraisement laws, and caused the same to be levied upon one complete portable steam saw mill, with all the machinery and appurtenances thereunto belonging, which was of the value of $3,000, and other property of the value of $60, which was by the sheriff, on the 19th of December, 1870, sold to one James Wilson for the aggregate sum of $306, which was all the property owned by said Roby, at the time of said assignment or since, and who has since said sale remained insolvent.   That the whole of the proceeds of said sale was consumed in the payment of the costs in the case.   That if said judgment had been so rendered as to require said property to be appraised, it would have sold at two-thirds of its appraisement, and for more than enough to have paid the full amount of said judgment on said note; that said purchaser

would have bid and paid therefor the sum of $2,000. That said appellee holds both of said judgments in his own name. That by the negligent acts of appellee in having said judgment so rendered and said property sold without appraisement, he has lost the whole amount of said note. And he prays for satisfaction of appellee's judgment against him, and that he have judgment against appellee for the residue, in the sum of $3,000, in damages.

A demurrer was sustained to this complaint, and that presents the only question for consideration.

There can be no question as to an attorney's liability for damages resulting from a want of ordinary care and diligence in the management of his client's business. *Reilly* v. *Cavanaugh*, 29 Ind. 435; *Walpole's Adm'r* v. *Carlisle*, 32 Ind. 415; *Skillen* v. *Wallace*, 36 Ind. 319.

In the case at bar, want of timely diligence in the prosecution of proceedings to collect the note is not complained of, but the only complaint made is as to the manner in which the judgment was rendered, requiring execution thereof to be made without the benefit of appraisement laws.

The appraisement laws were passed for the benefit of the debtor and not the creditor. And we can not see how it could be considered as ordinary or gross negligence in an attorney, while representing the interest of the plaintiff, to take a judgment collectible without regard to the appraisement laws, when it should have been rendered subject to the appraisement laws.

The error was in favor of the plaintiff and not against him. And it was his own fault if he permitted the property to pass into the hands of a stranger without realizing more from the sale.

It would be a strange theory of the law to hold an attorney liable to his client in damages for every advantage that he might secure for his client, by mistake or otherwise, in the management of his business. We do not think that such a theory is sanctioned by precedent or practice.

We think the complaint does not state facts sufficient to

constitute a cause of action.    There was no error in sustaining the demurrer to it.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.