Filed May 15, 1890.

---

No. 14,155.

JONES v. DIPERT.

CHANGE OF VENUE.—*Rule of Court.*—*Affidavit.*—Under a rule of court requiring all applications for a change of venue to be made by the " second Tuesday of the term," it was not error to deny an application for a change of venue on account of alleged undue influence, where the affidavit alleged that the undue influence was not discovered *before* the second Tuesday, but did not allege that it was not known on that day.

EVIDENCE.—*Judgment.*—*Execution.*—*Record of Former Suit.*—In an ac-

tion by a judgment debtor against a sheriff to recover the possession of personal property levied on by virtue of an execution to satisfy the judgment, and claimed by the judgment debtor as exempt, the record of a former suit by a third person against the sheriff, involving the title to the same property after it was levied on by virtue of the execution, and of which the present plaintiff testified in the former action that such third person was the owner, is admissible in evidence in behalf of the defendant.

JUDGMENT.—*Personal Property.—Sale of by Judgment Debtor.—Repurchase of.— Lien.—Exemption.*—Where, after the sale of personal property by a judgment debtor, it is decided in an action between the purchaser and the sheriff, who holds an execution against the judgment debtor, that the property is subject to the lien, the judgment debtor on repurchasing the property takes it subject to the lien, and is concluded by the judgment in the former case from setting up a claim to exemption.

From the Marshall Circuit Court.

*D. M. McDuffie, A. T. Gould* and *G. A. Murphy,* for appellant.
*J. D. McLaren* and *E. C. Martindale,* for appellee.

BERKSHIRE, J.—This was an action by the appellee to recover the possession of personal property. The appellant was the sheriff of Starke county, the county in which the action was brought, and had levied an execution on the property, which had been issued to him upon a judgment against the appellee.

The only error assigned is as to the action of the court in overruling the motion for a new trial. Several reasons are set forth in the motion, but two of which will be noticed, for the reason that our conclusion will reverse the judgment of the court below, and the other questions may not arise on another trial.

The appellee asked for and obtained a change of venue from the Starke Circuit Court to the Marshall Circuit Court.

In the Marshall Circuit Court the appellant applied for a change of venue; in that court a rule obtained that all applications for a change of venue must be made " by the second

Tuesday of the term." As we construe this rule it required all applications for a change of venue to be made on or before the said second Tuesday of the term.

The application of the appellant was made after the second Tuesday of the term, and undertook to show cause for not making the application at a time not inhibited by this rule.

But conceding that the affidavit showed a sufficient excuse for not making the application before the second Tuesday of the term, it did not show any excuse for not making it on that day. It states that the undue influence alleged was not discovered before the second Tuesday, but it does not allege that it was not known on that day, and in time to have made the application as provided by the rule. We are therefore of the opinion that the court did not err in overruling the motion for a change of venue.

On the trial of the cause the appellant offered in evidence the record of a proceeding had in the Starke Circuit Court, wherein Eleanor E. Davis was the plaintiff and the appellant the defendant, involving the title and the right to the possession of the property here in controversy after it had been levied upon and taken possession of by the appellant in virtue of said execution. At the time said offer was made the appellee had testified that he purchased said property of Davis after the said trial and adjudication, and that he was claiming title through said purchase; and in connection with the said offer the appellant also proposed to prove that the appellee appeared as a witness on said trial, for Davis, and testified that he was the owner of said property. It also appeared in evidence at the time said record was offered in evidence that in the said former action Davis claimed title through the appellee, and that after that trial the appellee repurchased from Davis. The appellee, himself, so testified.

The theory of the appellant seems to have been that the sale to Davis was in fraud of appellee's creditors, and the defence to said former action was put upon that ground.

In the present case the court seems to have held to the opinion that if the appellee did not have $600 worth of property when he sold to Davis he could commit no fraud in any disposition of the property, and therefore the sale to Davis was a valid sale, and that the resale by Davis gave the appellee a good title to the property as against the lien of the execution ; and here is where the court fell into an error.

We think the offered evidence was competent upon either of two grounds :

1.   To show that there was a former adjudication involving the title to the property here in controversy, upon which trial the appellee testified that the property belonged to Davis ; this would have tended to show that the property did not belong to the appellee at that time, and was evidence proper to be considered in determining his ownership when he brought the action.

2.   The appellee claimed title through Davis, after the adjudication between Davis and the appellant.

If Davis held the property subject to the lien of the execution, the appellee purchased it subject to the lien.   Davis could confer no better title than he himself had.

The judgment in the action between Davis and the appellant was conclusive that Davis held the property charged with the execution lien, and when the appellee repurchased his title was burdened with the lien.

Whether the appellant was a householder, and entitled to the $600 exemption, and had not to exceed $600 worth of property when he sold to Davis, and whether or not the sale to Davis was *bona fide*, were questions involved in the action between Davis and the appellant, and having been determined and settled in that action that adjudication was binding, not only upon Davis but upon his privy in ownership, the appellee.

The authorities cited by the appellee's counsel do not apply to the question under consideration.

They hold, and correctly so, that where a judgment-

debtor disposes of property, if he has not to exceed $600 worth of property, and is entitled to the benefit of the exemption law, he can commit no fraud upon creditors, no difference what his motive may be.

But when the questions arise in a court of competent jurisdiction, as to whether he is entitled to an exemption, and whether or not he has $600 worth of property, and as to whether or not the sale or transfer is in fraud of creditors, and the adjudication is against him, that is the end of the matter.

The authorities cited by the appellant's counsel seem to be in point : *Mandlove* v. *Burton,* 1 Ind. 39 ; *Holman* v. *Martin,* 12 Ind. 553 ; *Wood* v. *Cohen,* 6 Ind. 455. See *Thompson* v. *Ross,* 87 Ind. 156.

But the principle here involved is elementary.

Judgment reversed, with costs.

Filed March 22, 1890 ; petition for a rehearing overruled May 16, 1890