Nickless v. Pearson.

No. 14,027.

NICKLESS v. PEARSON.

APPEAL.—*Question not Presented.*—Where it is stated in the motion for a new trial and in the affidavit supporting it, that a written request for written instructions was made and overruled, but such request does not appear in the record or in the bill of exceptions, no question is presented to this court on the ruling denying the request.

SUPREME COURT.—*Law of Case.*—A decision by the Supreme Court on appeal is the law of the case and governs it throughout all of its subsequent stages, even in the Supreme Court upon another appeal.

FORMER ADJUDICATION.—*Demurrer.*—The plaintiff, in a former action, between the same parties, alleged in his complaint that he had assigned to the defendant, an attorney, a note as collateral security to secure the payment of a judgment recovered by the defendant against him, and that the defendant took a judgment waiving valuation and appraisement laws, which was not authorized by the note, whereby the plaintiff suffered loss. A demurrer to the complaint was sustained, and on appeal the judgment was affirmed. The complaint in the present action, alleging the same facts, proceeds upon the theory that the defendant is liable for the negligence alleged in the collection of the note, not as attorney, but as assignee.

*Held,* that the adjudication on the demurrer in the former action was conclusive on the parties, and that, therefore, the demurrer to the complaint in the second action should have been sustained. COFFEY, J., dissents.

SAME.—*Special Verdict.*—Where the jury find the facts as to a former case between the same parties, and it appears that the judgment therein rendered is a bar to a second action, the court may disregard a finding by the jury that the matters involved in the second action were not adjudicated in the first, and render a verdict for the defendant on the special verdict. Whether the facts found by the jury constitute a former adjudication is for the court to determine.

From the Daviess Circuit Court.

*W. R. Gardiner, S. H. Taylor* and *G. Putnam,* for appellant. *J. H. O'Neall, W. H. Martin* and *F. D. Pearson* for appellee.

OLDS, C. J.—The appellant sued the appellee, alleging in his complaint that on the 4th day of January, 1870, the appellee recovered a judgment in the common pleas court of

Lawrence county, against the appellant, for $791 and costs; that appellant held a note, executed by one Roby, dated August 3d, 1870, for $1,504, due in one day; that the note did not waive valuation laws; that on the 6th day of August, 1870, appellant indorsed said note to appellee as collateral security to secure the payment of said judgment, and took from the appellee a memorandum as follows:

" Received of Allen Nickless, as collateral security on a judgment I hold on him, a note on James H. Roby, dated August 3d, 1870, and due in one day after date, for $1,504, which I am to collect and apply on said judgment, retaining a reasonable fee for collecting the same, and the said Nickless is to pay me on said judgment ten per cent. and the overplus of said note after the same shall be collected, and said judgment, etc., paid, I am to pay over to said Nickless; this, August 6th, 1870.        E. D. PEARSON."

That at the time of the execution of said note by said Roby, and continuously thereafter, until after the sheriff's sale, hereinafter mentioned, Roby was a citizen of Daviess county, Indiana, and had personal property there during all of the time subject to execution, from which said debt might have been collected by the use of due diligence on the part of appellee; that said property of said Roby consisted of a sawmill and fixtures, of the value of $3,000, and other property of the value of $105; that appellee brought suit on said note in his own name against said Roby, and recovered judgment on the same in the Circuit Court of Daviess county, at the August term, 1870, for $1,515, and costs, to which suit appellant was not a party; that by reason of the carelessness and negligence of the appellee said judgment was rendered without relief from valuation and appraisment laws; that on the 20th day of September, 1870, appellee caused an execution to issue on said judgment against said Roby, and had the same placed in the hands of the sheriff of said Daviess county; that the execution provided for the sale of property without relief from valuation or appraisement laws; that the

sheriff levied said execution, as commanded, on the said property of Roby, viz.: the saw-mill and other property, and advertised the same, and on the 19th day of December, 1870, duly sold the same to one James Williams, for the sum of $306 ; that at the time said property was of the value of $3,105, and had said judgment and execution provided for the sale of the same subject to appraisement said property would have brought two-thirds of the appraised value thereof; that the appellee carelessly and negligently failed to attend said sale, or to have any person to attend for him authorized to bid on said property, and had he done so said property would have sold for two-thirds of its cash value, and have sold for a sum sufficient to have paid said judgment and all costs ; that said purchaser would have paid two thousand five hundred dollars therefor had there been any person present to have bid against him ; that had the appellee purchased said property for the full amount of said judgment and costs he could have disposed of the same so as to have covered all expenses in caring for and disposing of the same and still had sufficient remaining to have satisfied said judgment and costs ; that during all the time since said sale Roby has been totally insolvent; that the proceeds of said sale paid the costs and attorney fee charged by appellee, and no more ; that in consequence of the carelessness and negligence of the appellee, appellant has lost his entire debt due from said Roby.

Some of the paragraphs differ from others, and allege that the appellee was an attorney, and took the assignment of the note as aforesaid, and agreed to collect the note and charge a reasonable fee, and apply the proceeds as aforesaid, and agreed to attend the sale and bid off said property for the benefit of the appellant.

The appellee filed a number of paragraphs of answer, some of which were pleas of former adjudication.

In the eighth paragraph it was alleged that in December, 1880, the plaintiff, Allen Nickless, filed in the Lawrence

Circuit Court of Lawrence county, Indiana, his complaint against this appellee, which complaint is as follows, setting out a copy of the complaint, which alleges the same facts alleged in the complaint in this case, and sets out a copy of the same receipt set out in the complaint in this case, and further alleging in said eighth paragraph of answer that thereafter, on the 24th day of December, 1880, the same being the fifth judicial day of the December term, 1880, of the said Lawrence Circuit Court, this defendant appeared to the aforesaid complaint, and, being by said court ruled to answer the same, did then and there in discharge of said rule file his demurrer to said complaint, setting out a copy of the demurrer, the cause of demurrer being want of sufficient facts; that appellant joined issue on said demurrer, and the same was submitted to the consideration and judgment of said Lawrence Circuit Court for determination, whereupon said court sustained said demurrer, to which ruling said appellant excepted, and refused to plead further, and said court thereupon rendered judgment upon said complaint and said demurrer, and adjudged that said appellant take nothing, and that appellee recover his costs; that said Nickless then and there prayed an appeal in said cause to the Supreme Court of Indiana, which was granted; that said judgment is still in full force and unreversed. Then follow the proper formal allegations to make it a good plea of former adjudication.

The next paragraph of answer pleads a former adjudication in a cause commenced by the appellant Nickless against appellee, in the Lawrence Circuit Court, in December, 1880, alleging that in such action appellant based his cause of action on the identical receipt set out in the complaint in this case, and averring the same facts as alleged in the complaint in this case, which action was determined and judgment rendered in favor of appellee, and that the judgment is still in full force unreversed. There is also a further paragraph of answer pleading former adjudication. The appellee also pleads former adjudication in a case in the Martin Circuit

Court, wherein the appellee was plaintiff and the appellant was defendant, suit being brought by appellee on the same judgment set out in the complaint in favor of appellee against appellant, in which appellant answered the same facts set up in his complaint in this case. Upon the trial of this cause the records of said judgments were offered and admitted in evidence. The record in the case of *Nickless* v. *Pearson,* in the Lawrence Circuit Court, shows an appeal prayed to the Supreme Court and granted.

The appellee has assigned numerous cross-errors, which include the overruling of his demurrers to each paragraph of the complaint.

The jury returned a special verdict, in which they find, in substance, the following facts:

That appellee recovered a judgment against the appellant, in the Lawrence Common Pleas Court, on the 4th day of January, 1870, for $791 and costs; that Roby executed his note to appellant, dated August 3d, 1870, for $1,504, due in one day, with ten per cent. interest, which did not waive valuation laws; that on August 6th, 1870, appellant indorsed said note to appellee as collateral security for the payment of appellee's judgment; that appellee agreed to collect said note and apply the proceeds to the payment of his judgment, calculating interest thereon at 10 per cent., and to retain a reasonable attorney fee, and pay the balance to appellant; that at the time the note was assigned appellant notified appellee that Roby owned a portable steam saw-mill, of the value of $3,000, and that the notes would have to be made out of that property; that appellee agreed if appellant would assign the note he would attend the sheriff's sale of the property, in case it became necessary to collect the same by suit; that appellant could not read or write, and appellee was a practicing attorney; that when the receipt was executed appellee stated to appellant its terms, as shown by the receipt hereinbefore set out; that appellee took judgment against

Roby on the note, on the 30th day of August, 1870, in the Daviess Circuit Court, for $1,515.25, waiving valuation laws, and on the 20th day of September, 1870, caused an execution to issue thereon and to be delivered to the sheriff, and that the sheriff levied the same on the portable saw-mill and other property of Roby, and sold the same on December 19th, 1870, to one James Williams, for $306, and that at the time of the sale the property was of the value of $2,507, and was all of the property owned by Roby, and he has never since owned any; that appellant had no notice of the time or place of the sheriff's sale until after the sale had taken place.

It is further found that Hugh and John Barr obtained a judgment against the said Roby before Berrill T. Meredith, a justice of Daviess county, on the 21st day of October, 1870, for $199.50, and costs, on which an execution was issued on the 4th day of November, 1870, to one Storms, a constable of said county, who, on the 5th day of December, 1870, as such constable, sold the said portable steam saw-mill to one James Williams for $1,000, and that after said constable's sale, and before the sheriff's sale by agreement between Roby and Williams, Williams relinquished all right he might have acquired to the property by virtue of his purchase at the constable's sale to Roby, who repaid him all the money he had paid out on his said bid at said constable's sale; that, at the time of the sheriff's sale said Williams claimed no interest in said property by virtue of said constable's sale; that, on the 21st day of ———, 1880, the appellee brought suit on said judgment held against appellant in the Lawrence Circuit Court, which was afterwards, on change of venue, tried in the Martin Circuit Court at the June term, 1880, in which action appellant filed an answer in two paragraphs, one a plea of payment and one setting out the negligence and carelessness of the appellee, as his attorney, in failing to collect the money on said Roby note, and in which cause the appellant also filed a cross-complaint against the appellee as his attorney, claiming damages because of the carelessness and

negligence of appellee in failing to collect the money on said Roby note. To the second paragraph of said answer and said cross-complaint the appellee filed his several demurrers, which demurrers were sustained, and the cross-complaint was dismissed, and appellee filed a reply in denial to the plea of payment, and the cause being tried, resulted in a judgment in favor of appellee for $1,001.36, and costs; that the matters and things set up in the several paragraphs of the appellant's complaint in this action were not tried in said cause in the Martin Circuit Court; that, on the 21st day of January, 1880, the appellant filed in the Lawrence Circuit Court his complaint against the appellee, in which he claimed damages because of the carelessness and negligence of the appellee as his attorney in failing to collect the said Roby note, to which complaint appellee filed his demurrer, which demurrer was sustained by said court, and judgment rendered thereon for costs, and the matters and things set up in the complaint in this action were not tried and determined in said action in the Lawrence Circuit Court.

It is also found that appellant did not agree with the appellee to attend the said sheriff's sale of the said mill and other property of Roby; also, that the appellee did not attend said sale, or have any other person attend the same for him, nor did he make, or cause to be made, any bid on the property, but suffered the property to be sold without relief from valuation or appraisement laws; that no part of the money for which said property of Roby was sold at sheriff's sale was applied on the judgment of appellee against appellant except $200, paid on the 23d day of March, 1871; that appellant has received no part of the proceeds of the sale of Roby's property sold at said sheriff's sale except said $200 paid March 23d, 1871; that at the time of the sheriff's sale all of said property sold belonged to said Roby; that the judgment of appellee against appellant has been paid with other means besides the Roby note; that appellee never filed a precipe with the clerk of Daviess county for execution

on said judgment rendered on the Roby note ; that the sheriff of Daviess county did not notify appellee of the time of the sale of the Roby property ; that a suit was instituted against the sheriff of Daviess county for negligence in the service of the execution in the case of appellee against Roby, instituted by the State on relation of appellee; that the judgment taken by appellee against Roby is still held by appellee ; that the receipt given by appellee to appellant expresses all of the agreement between them as to the consideration for which the Roby note was assigned by appellant to appellee ; that by the carelessness and negligence of appellee in the prosecution of the claim on the said Roby note the appellant has sustained damages in the sum of $2,783, being principal and interest on said note.

In conclusion the jury state, that, if upon the above facts, the law is with the appellant, then we find for the appellant, and assess his damages at $2,783 ; and if upon the said facts the law is with the appellee, then they find for the appellee.

On the return of the special verdict both the appellant and appellee filed motions for judgment in their favor on the verdict. The court sustained the appellee's motion, to which appellant excepted.

Appellant also filed a motion for a new trial, which was overruled, and exceptions reserved by the appellant.

Numerous errors are assigned by the appellant, but few are discussed. The appellee also assigns cross-errors.

Counsel for appellant first present as a reason for the reversal of the judgment, that the court erred by instructing the jury orally, in view of the fact that the appellant had requested the court, in writing, to instruct the jury in writing. Counsel contend that the appellant moved the court, in writing, before the introduction of the evidence, or the commencement of the argument, to instruct the jury in writing, and refer in their brief to the record wherein such fact is stated in the appellant's motion for a new trial, and an affidavit in support of the motion, stating that such request

for written instructions was made and overruled and oral instructions given, but we are not referred to any part of the record containing such motion to instruct in writing, or to any statement in the bill of exceptions showing that any such request or motion was made and overruled, and we have been unable to find any such question presented by the record.

The next question, and the only additional one, presented and discussed by the appellant is the alleged error of the court in overruling the appellant's motion for judgment on the special verdict, and in sustaining appellee's motion for judgment in his favor on the special verdict. Before passing upon this question it is quite proper to consider the cross-errors relating to the ruling of the court in overruling appellee's demurrer to the complaint. In *Nickless* v. *Pearson*, 81 Ind. 427, between these same parties on appeal from the Lawrence Circuit Court, there was a demurrer sustained to the complaint and an appeal prosecuted, and the ruling on the demurrer assigned as error, and this court sustained the ruling and affirmed the judgment. The facts averred in the complaint are set out in the opinion in that case, by which it appears that the complaint in that case averred substantially the same facts as are averred in the complaint in this case, by which it appears that the ground of recovery in that case, as in this, was on account of the negligence of the appellee in taking a judgment waiving valuation and appraisement laws, when the Roby note upon which it was rendered did not waive valuation and appraisement laws. In that case it is held that the appellee, as an attorney, is not liable for taking a judgment waiving appraisement laws when the note did not authorize such a judgment; that he could not be held liable for obtaining a more favorable judgment than he was entitled to. The case of *Nickless* v. *Pearson*, between these same parties, in 84 Ind. 602, appealed from the Martin Circuit Court, involves the same facts and is affirmed on the authority of the case in

81 Ind. 427, *supra.* Twice before this same question has been presented to the circuit court upon the same facts pleaded in substantially the same manner and involving the identical question as to the liability of the appellee, and judgment rendered in favor of the appellee, and appeals prosecuted to this court by the appellant and the judgments affirmed.

Freeman Judgments (3d ed.), section 249, states the law to be, " that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision."

It is also well settled that an adjudication upon a demurrer is as conclusive and binding upon the parties, and operates as *res adjudicata,* the same as a judgment rendered upon issues joined and trial by the court or jury. *Thomas* v. *Merry,* 113 Ind. 83.

In Wells Res Adjudicata and Stare Decisis, section 446, pp. 370, 371, the law is stated to be : " That a judgment rendered upon demurrer to the declaration, or to a material pleading setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case as well as in the latter by matter of record, and the rule is that facts thus established can never after be contested between the same parties, or those in privity with them." 1 Hermann Estoppel, section 274; *Gould* v. *Evansville, etc., R. R. Co.,* 91 U. S. 526.

The effect of the judgment can not be destroyed by showing that it was erroneous on this subject. Freeman, in his work on Judgments, section 249, *supra,* says : " Neither can the force of a judgment as *res judicata* be destroyed or im-

paired by showing that it was clearly erroneous, and ought not to have been rendered."

These general rules which we have stated are so well settled that we need cite no additional authorities in support of them, and they are conclusive of the questions presented in this case. The right of the appellant to recover on the facts stated in the complaint has been twice before adjudicated between these same parties, and judgment rendered in the circuit court in favor of the appellee, and, upon appeal, affirmed by this court. The complaint in the case of *Nickless* v. *Pearson, supra,* not only alleged the same facts, in substantially the same language, but it was based upon, and involved the construction of the same written instrument. It is seldom a case is presented where the doctrine of *res judicata* is so clearly applicable, and applies with such force as the present. Even in the case of *Nickless* v. *Pearson, supra,* this court regarded the question as settled, and refused to state and consider it, and disposed of the case with the statement that the questions presented were the same as in the former case.

It is contended that the case in 81 Ind. 427, *supra,* is decided upon the theory that appellant proceeded against the appellee in that case as an attorney, that is, that the court construed the complaint in that case to be an action against the appellee as an attorney for negligence. Grant that to be true, the same facts are alleged in the complaint in this case between the same parties, and if that complaint was construed to be against the appellee as an attorney, when it should have been construed to be against him as assignee of the note, it is a mere erroneous conclusion of the court, and is none the less *res judicata.*

Admitting the law to be as decided in the case between these same parties in 81 Ind. 427, *supra,* that the appellee is not liable as an attorney for the negligence of which it is alleged he was guilty in the collection of the note, it is contended that while not liable as an attorney he is liable as as-

signee of the note. This seems to us to be a strange doctrine·
or rule of law to ask a court to hold.   It is that if the ap-
pellee had taken an assignment 'of the note, and had exer-
cised proper care, skill and diligence, and employed a com-
petent and able attorney to bring suit upon and collect the·
note, and the attorney whom he had employed had been
guilty of the negligence complained of, and had taken a judg--
ment waiving relief, when he should have taken it subject to
relief, the attorney would not be liable for such negli-
gence, but that the appellee, as assignee of the note, though
guilty of no negligence himself, would be liable.   This
would be holding the assignee of the note liable for the neg-
ligence of an attorney, for which negligence the attorney
would not be liable to the assignee or to any other person.
The mere statement of this proposition it seems to us is suf--
ficient to show its fallacy.

It is held in the case between these same parties in 81 Ind.,
427, *supra*, that the appellee was not guilty of such negli-
gence as rendered him liable, and that decision is conclusive
as between these same parties governing this transaction. It
is not necessary to affirm or disaffirm the law as held in that
case, it having been decided as the law in the case between
these same parties, involving the same facts and transaction,
it is conclusive, and they are bound by it. ·

It is a well settled ·rule that a decision by the Supreme
Court, on appeal, is the law of the case and governs it
throughout all of its subsequent stages, even in the Supreme
Court upon another appeal.   *Johnson* v. *Hosford*, 110 Ind.
572 ;  *Continental Life Ins. Co.* v. *Houser*, 111 Ind. 266 ;
*Richmond St. R. R. Co.* v. *Reed*, 83 Ind. 9 ;  *Board, etc.*, v..
*Pritchett*, 85 Ind. 68 ;  *Braden* v. *Graves*, 85 Ind. 92.   And
this is a very salutary rule. It is important that litigation be--
tween parties should end some time.   The ruling and decision
of the Supreme Court made in a case between the same par-
ties, involving the same facts and same transaction, ought to
be, and is, as binding upon them as if made in the same case.

The court having once fixed the status and rights of the parties in relation to such matters it is conclusive and they are bound by it, both in subsequent proceedings in the same case and in subsequent cases involving the same matters. Were it otherwise there would be no end to litigation. Parties might appeal in one case and have judgment rendered against them but it would settle nothing, they could again commence anew and appeal and so continue to harass their adversary and the courts with the same question with the hope of some time obtaining a favorable decision.

Adhering to the decisions rendered in the cases of *Nickless* v. *Pearson, supra,* between these same parties, involving the same matter, which must be held to govern as between these parties in this case, it follows that the complaint must be held bad, and that the court erred in overruling a demurrer to each paragraph of the same, and this leads to an affirmance of the judgment; but the judgment was also correct on the special verdict. The jury found the facts in regard to the commencement and termination of the former cases between these same parties, the records of which were in evidence, and those judgments being a bar to this case, the appellee was entitled to judgment. It is true the jury say that the matters involved in this case were not tried in the former cases, but that is a mere conclusion which must be disregarded. The jury find the facts and the court draws the conclusion as to whether they constituted a former adjucation or not.

We have not discussed the question as to whether or not the decisions rendered by this court in the former cases between these same parties are sound law, for it is not necessary to do so. Whether they enunciate sound legal principles or not, they are nevertheless final adjudications between these same parties, in regard to the same and identical subject-matter, and are conclusive as to their rights in this case, though such decisions, no doubt, may be supported by authority.

It would be a strange precedent to set to hold that after two judgments had been rendered between the same parties upon the same facts, in favor of the appellee, in a third action between the same parties, involving the same facts, with such former adjudications properly pleaded and proven, the appellant is entitled to recover.

The conclusion we have reached leads to an affirmance of the judgment.

Judgment affirmed, with costs.

BERKSHIRE, J., took no part in the decision of this case. Filed Jan. 14, 1891.

## DISSENTING OPINION.

COFFEY, J.—I regret my inability to agree with the conclusion reached in the principal opinion in this case. I recognize to its fullest extent the principle that where this court decides any particular question in a cause, such decision is the law of that case throughout. The case of *Nickless* v. *Pearson*, 81 Ind. 427, is not the case now before us. In that case the complaint was drawn and the case proceeded upon the theory that the relation of attorney and client existed between the parties, and the rules of law applicable to that relation were applied. This is a new and another case, which proceeds upon the theory that the appellee held a promissory note, the property of the appellant, as collateral security, which by the negligent and wrongful conduct of the appellee was lost.

The law which governs the relation of attorney and client is quite different in many respects from the law which governs pledgeor and pledgee.

An attorney is always liable to his client for the consequences of his ignorance, carelessness or unskilfulness, in the management of the client's business. *Reilly* v. *Cavanaugh*, 29 Ind. 435; *Walpole* v. *Carlisle*, 32 Ind. 415; *Skillen* v. *Wallace*, 36 Ind. 319; *Citizens Loan Fund, etc., Ass'n* v. *Friedley*, 123 Ind. 143.

Where the relation of client and attorney exists, the client may, at any time, when dissatisfied with the manner in which the attorney is discharging his duties, discharge him and employ some other person. Where the attorney prosecutes suit for the client, ordinarily, the judgment is taken in the name of the client, and the client has the power to control the collection of the judgment.

Such is not the case where a claim has been assigned as collateral security.

The assignment vests the title in the assignee, and such assignee takes judgment in his own name. The assignor or pledgeor loses all control over the security, and the assignee alone can receive and receipt for the money due, and has absolute control over its collection. *Felton* v. *Smith*, 84 Ind. 485 ; Colebrooke Collateral Securities, section 90 ; *Valette* v. *Mason*, 1 Ind. 288 ; *Rowe* v. *Haines*, 15 Ind. 445.

If the collateral security consist of negotiable instruments the assignee is required to demand payment of the same at maturity, and in case of non-payment to give proper notice to charge the parties liable thereon. If the assignee neglects this duty, so that the endorsers, or other parties thereto, are discharged, he is responsible for the loss. *Railroad Co.* v. *Nat'l Bank*, 102 U. S. 14 ; *Rice* v. *Benedict*, 19 Mich. 132 ; *McLemore* v. *Hawkins*, 46 Miss. 715 ; *Dayton* v. *Trull*, 23 Wend. 345 ; *Cutting* v. *Marlor*, 78 N. Y. 454.

Where evidences of debt have been assigned and transferred by a debtor to his creditor as collateral security for the payment of such debt, it is the duty of such assignee to exercise reasonable and ordinary care and diligence in the collection of such collaterals. *Kiser* v. *Ruddick*, 8 Blackf. 382 ; *Dugan* v. *Sprague*, 2 Ind. 600 ; *Slevin* v. *Morrow*, 4 Ind. 425 ; *Reeves* v. *Plough*, 41 Ind. 204.

If upon a pledge of collateral securities so as to vest the title thereto, the pledgee by his negligence, or his wrongful transfer of them, or dealings with them, fails to collect the same of the parties bound thereon, when it might have been

done, and the pledgeor is injured by such conduct, or negligence, the pledgee is liable for such injury. *Powells* v. *Henry,* 27 Ala. 612; *Wood* v. *Matthews,* 73 Mo. 477; *Spalding* v. *Bank,* 9 Pa. St. 28; *Roberts* v. *Thompson,* 14 Ohio St. 1; *Whitteker* v. *Charleston Gas Co.,* 16 W. Va. 717; *Stewart* v. *Bigler,* 98 Pa. St. 80.

When the opportunity of collecting collaterals is lost by the insolvency of the parties thereto, by reason of the negligence of the pledgee, when with ordinary care the same might have been enforced, the pledgee is bound to account to the pledgeor for the full value thereof. *Hanna* v. *Holton,* 78 Pa. St. 334.

In this case the appellant transferred to the appellee a promissory note as collateral security for a judgment. The maker of such note had ample property subject to execution out of which such note could have been collected. The appellee took a judgment on said note in his own name, not authorized by law, by reason of which the property was sacrificed and the note lost. In taking such judgment and thus wasting the property of the maker of the note I do not think it can be said that the appellee exercised ordinary care and prudence. In other words, the debt was lost by reason of the failure of the appellee to exercise ordinary care in his effort to collect the same, and he is, in my judgment, liable for such loss.

Filed Jan. 14, 1891.