Dipert v. Jones.

Filed March 3, 1892.

---

No. 435.

## Dipert v. Jones.

JUDGMENT.—*Res Adjudicata.*—*Personal Property.*—*Sale of by Judgment Debtor. Repurchase of.*—*Execution Lien.*—*Exemption.*—Where, after the sale of personal property by a judgment debtor, who claimed it as exempt from execution, it was decided in an action between the purchaser and the sheriff, who had levied upon the property in the purchaser's possession, that the same was subject to the levy, and no appeal was taken from said judgment, and the judgment debtor thereafter repurchased the property, he took it subject to said lien, and is concluded by said judgment from setting up a claim to exemption.

APPEAL.—*Decision of Supreme Court.*—*Law of Case on Subsequent Appeal.*— The decision of the Supreme Court in a cause continues to be the law of the case on a subsequent appeal to the Appellate Court.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellant.

*D. McDuffie* and *A. J. Gould,* for appellee.

REINHARD, J.—The only question presented by the assignment of errors is as to the correctness of the conclusions of law of the court drawn from the special findings. The action is by the appellant against the appellee for the recovery of three horses and a set of harness. The latter is the sheriff of Starke county, and claims to hold said property by virtue of an execution issued against the appellant upon a

judgment against him.    The appellee claims the property
as exempt from execution.    The cause originated in the
Starke Circuit Court, and, upon change of venue, was trans-
ferred to the court below.    Upon a former trial the present
appellant prevailed.    On appeal to the Supreme Court by
Jones, the present appellee, the judgment was reversed, and
the cause remanded.    *Jones* v. *Dipert,* 123 Ind. 594.    There
was a new trial, by the court, and a finding and judgment
for appellee.    At the request of appellant the court made a
special finding of the facts, which may be summarized as
follows :    That on the 27th day of October, 1884, one Mar-
cus A. O. Packard recovered a judgment in the Marshall
Circuit Court on a promissory note against the appellant and
others, in the sum of $139 and costs ; that appellant then
was and still is a resident householder of this State, and
during the years 1886, 1887 and 1888, resided with his
family, in Oregon township, Starke county, Indiana ; that
on November 20th, 1884, Packard caused an execution to
be issued on his judgment and delivered it to the sheriff of
Starke county, which was duly returned unsatisfied and with
the endorsement of Samuel Koontz, Jr., as replevin bail
thereon, duly taken and approved by the sheriff; that in
January, 1887, the appellant was the owner of all the prop-
erty described in the complaint, which property, with some
other articles, he sold to Elwin E. Davis on January 30th,
1887, under an agreement that he would keep and feed
the horses for Davis till he (Davis) got ready to move
West, in the spring following, and Davis paid appel-
lant two-thirds of the purchase-price of the  property on
that day and secured the remainder by a chattel mortgage
on the horses described in the complaint ; that all the prop-
erty of every kind and description then owned by the appel-
lant, or in which he had any interest, including the property
in controversy, was less than $600 in value ; that the note
upon which Packard's judgment was founded was executed
March 8th, 1884 ; that the appellee was the sheriff of Starke

county during the year 1887, and on the 4th day of February, 1887, Packard caused another execution to be duly issued on his said judgment and delivered the same to said appellee as such sheriff on the 8th day of February, 1887; that the appellee never levied said execution on the appellant's property, and never demanded payment or property from him thereon; that on March 7th, 1887, while Davis was loading his property on a railroad car in Grovertown, Starke county, to move it west to where he was going to locate with his family, the appellant delivered to Davis, at Grovertown, the property in controversy and received the remainder of the purchase-money therefor, and after the said property had been delivered to Davis by the appellant, the appellee, as sheriff of Starke county, came and seized the same, and levied the execution upon it as the property of appellant; that on the 9th day of March following, Davis filed his verified complaint in replevin against said appellee, as sheriff, in the Starke Circuit Court, which was then in session, alleging ownership and right of immediate possession, to which complaint appellee appeared and filed an answer in denial and a special plea alleging that as sheriff of Starke county he had seized the property in controversy as the property of appellant to satisfy said execution, and that he held said property by virtue of such levy, and demanded judgment, etc.; that the issue thus joined was tried and determined in said court in favor of the appellee, the said sheriff, and on the 25th day of March, 1887, judgment was rendered that he have and hold the possession of said property; that appellant herein was not a party to said suit of *Davis* v. *Jones, supra,* and no notice was served on him to appear and defend his title in said suit; that he was summoned as a witness in said suit, but was not present in the court-room during the trial except while testifying; that Davis took no appeal from the judgment rendered against him, and abandoned further proceedings, and demanded of the appellant herein a return of the money paid for said property, viz.,

$325; that appellant thereupon agreed to take back the property from Davis, and returned to him the purchase-money therefor; that immediately after the determination of said suit in the Starke Circuit Court, the appellee, as such sheriff, duly advertised said property for sale on said execution as the property of the plaintiff, Samuel Dipert; that twenty days before the day set for the sale of the property on the execution the appellant made out and delivered to said sheriff a schedule, in due form, of all his property, including that in controversy, and chose and returned to the said sheriff a suitable person to act as appraiser, and demanded that said property described in the schedule be set off to him as exempt from sale on said execution; that the appellee refused to do so, but on the 18th day of April, 1887, proceeded to sell all the property in controversy here on said execution as the appellant's property; that all the property set out in said schedule, including that described in the complaint in this action, was of less value than $600 on that day, and that the property described in the complaint was of the value of $350 at the day of the commencement of this action; that at the said trial of *Davis* v. *Jones, supra,* in the Starke Circuit Court, no evidence was offered or given as to the amount of the value of the property held and owned by the appellant, or on which he had any interest at the time he sold and delivered the property described in the complaint in this action to said Davis; and that the appellant was deprived of the use and possession of the horses mentioned in the complaint for twenty-four days, which is of the value of $36; that the proceeds of the sale so made by the sheriff were all duly applied to the satisfaction of said execution.

The court's conclusion from these facts was that the property in controversy was subject to the lien of the execution in the appellee's hands as sheriff, and was legally sold by him upon the same, and that appellant ought to take nothing by this action.

This ruling, it is earnestly insisted, was erroneous. It is claimed by appellant's counsel that the only effect which the judgment in the suit between Davis and the appellee could have had was the declaration that the sale from Dipert to Jones was fraudulent; but that, notwithstanding there may have been a fraudulent transfer of the property from appellant to Davis, still, as appellant was a householder and entitled to an exemption of $600 in property, he had a right to claim the horses and harness described in the complaint as exempt from sale on the execution regardless of the judgment in that case.

It may be admitted that the fraudulent sale by an indigent debtor who is entitled to exemption of any or all of his property does not on that account charge the property with the lien of the execution. But it does not follow from this that the court committed any error. The special findings show that the appellant claims title to the property through Davis, from whom he purchased it, and that Davis in turn claimed title through the appellant, of whom he had first bought the property. After the transfer to Davis the chattels were levied upon by the appellee as sheriff to satisfy the execution in his hands. Davis brought replevin, and asserted in effect that the property was not subject to the levy, because the appellant (from whom Davis had acquired it) had a right to claim it, and did claim it as exempt under the insolvent debtor's act. The appellee appeared and contested the question with Davis. The court found against Davis, and decided in effect that Dipert had no right to claim the property as exempt, and that the same was subject to the levy, the lien having attached while the property was in the possession of the appellant, who was the execution debtor. Why the court came to this conclusion in the case of *Davis* v. *Jones, supra,* we do not know. Perhaps the reason may be found in the statement of the court below in its special findings, where it is said that upon that trial no evidence was offered as to what the value of the appellant's entire property

was. But whatever may have been the reasons for the court's conclusion, whether they were sound or unsound, there was an adjudication of the question as to whether or not the property was subject to exemption from sale upon the execution under which the levy was made. The judgment of the court was that it was not, and that the appellee, as sheriff, could lawfully hold it and sell it upon the execution in his hands. There was no appeal from this judgment, and it remains unreversed and in full force. It is therefore impervious to any and all collateral attack with regard to all matters that were properly in issue in that suit. As between Davis and Jones, it is conclusive, and forever fixes the *status* of the property in its relation to the lien of that particular execution. The adjudication binds, not only the parties to the judgment, but also their privies in ownership. 1 Black Judg., section 260; 2 Black Judg., section 549, *et seq.* If the appellant had any rights under the exemption laws, he should have saved them through Davis upon the first trial. Whatever rights he now has in the property were acquired subsequent to the rendition of the judgment in the case of *Davis* v. *Jones, supra,* and were fixed by that judgment. By it the lien of the execution was declared valid, and the appellant's right of exemption therefrom was declared invalid. When the appellant purchased the property back from Davis, he bought it with the execution lien attached, which the court had declared could not be divested by the privilege of exemption.

When the appellant sold the property to Davis, as between him and Davis, the sale was a valid one, and transferred to Davis all the interest the appellant had in the property. The appellant, if he was entitled to the benefit of the exemption laws, that is, if he was a householder of the State and owned less than $600 in property, had a right to sell his property to Davis free from the lien of the execution. *Barnard* v. *Brown,* 112 Ind. 53; *Dumbould* v. *Rowley,* 113 Ind. 353; *Ray* v. *Yarnell,* 118 Ind. 112. The debtor in such cases holds the property entirely free from the claims of cred-

itors.  *Blair* v. *Smith,* 114 Ind. 114.  But it must be
borne in mind that the right of the debtor to thus convey
his property depends upon one very important condition,
and that is, he must be entitled to the benefit of the exemp-
tion laws.  If he is not entitled to this, any conveyance of
his property he may make will be subject to any and all
judgments and execution liens there may be against it.
Hence, when the appellant sold to Davis, if the former had
the right to the exemption under the statutes, Davis took
such property free from the lien, and the subsequent sale
from Davis back to the appellant would likewise be free
from such lien.  But if the appellant did not possess the
right to the statutory exemption when he made the sale to
Davis, then the latter took the property with the encum-
brance of the execution lien upon it, and when Davis again
sold the property to the appellant, the latter took it subject
to the lien also.  This, we think, must be clear.  The
only question is then, was the appellant entitled to the ben-
efit of exemption ?  This was one of the questions litigated in
the case of *Davis* v. *Jones, supra,* after the property had been
sold by the appellant to Davis, and before the latter sold it
back to the appellant.  In that case the court decided in ef-
fect that the appellant was not entitled to have his property
exempt from execution.  From this decision neither Davis
nor the appellant, his privy in ownership, took any appeal,
and it stands in full force.  It is therefore binding upon
both Davis and the appellant.

If we had doubts as to the correctness of our views of
the law as heretofore expressed in this opinion, they would
be dispelled by what was decided on the former appeal.
The facts before the Supreme Court were the same as they
are now as disclosed by the record, except that upon the
trial from which that appeal resulted, Jones, the sheriff,
offered in evidence the record of the proceeding in the case
of *Davis* v. *Jones, supra,* for the purpose of showing a
former adjudication of the title to the property in contro-

versy, etc. The court below excluded the evidence offered. The Supreme Court held that this was error, and that the record offered was proper evidence for the purpose for which it was offered. In passing upon the question the court said: " Whether the appellant was a householder and entitled to the $600 exemption, and had not to exceed $600 worth of property when he sold to Davis, and whether or not the sale to Davis was *bona fide*, were questions involved in the action between Davis and the appellant, and having been determined and settled in that action that adjudication was binding, not only upon Davis but upon his privy in ownership." *Jones* v. *Dipert, supra.*

The decision from which we have just quoted is the law of this case, and governs it in all subsequent stages, even on another appeal. *Nickless* v. *Pearson,* 126 Ind. 477. It may be truthfully said, therefore, that the questions raised here have been fully adjudicated and settled, and we have no duty to perform but to follow that decision.

The court did not err in its conclusions of law.

Judgment affirmed.

Filed March 4, 1892.