## GREENWOOD v. THE ISLAND COAL COMPANY.

[No. 3,373.　Filed March 27, 1901.]

LAW OF CASE.— *Mines.—Negligence.—Master and Servant.* —A suggestion in the opinion in a former appeal in an action by a mine worker for a personal injury from falling coal as to the absence of any finding as to whether the overhanging coal could have been propped without undue interference with the work is without force, where it was shown in the subsequent trial that the negligence consisted in not removing the top coal, not in failing to prop it. *p. 426.*

MASTER AND SERVANT.—*Mines.—Negligence.*—In an action by a mine worker for a personal injury caused by the alleged negligence of defendant in failing to prop the roof of the mine, a judgment was properly rendered for defendant on answers to interrogatories, notwithstanding the general verdict for plaintiff, where the answers showed that the mine boss, the plaintiff, and assistants examined the roof of the mine after the blast was fired and decided that it was safe, and that the accident was caused in not removing the coal, not from failure to prop it. *pp. 426, 427.*

From the Sullivan Circuit Court. *Affirmed.*

*C. E. Davis, W. V. Moffet, W. A. Cullop* and *C. B. Kessinger,* for appellant.

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellee.

ROBY, J.—This case has been twice tried. From a judgment against it appellee appealed to the Supreme Court. The judgment was reversed, with instructions to grant a new trial, and with leave to amend the complaint. *Island Coal Co.* v. *Greenwood,* 151 Ind. 476. The law of the case thus established is conclusive. *Board, etc.,* v. *Bonebrake,* 146 Ind. 311; *Dipert* v. *Jones,* 4 Ind. App. 158. In its opinion

the Supreme Court called attention to the act of 1891, §7472 Burns 1894, and also to the absence of a finding as to whether the overhanging coal could be propped or timbered without undue interference with the work.

The complaint was amended thereafter by the insertion of an averment as follows: "That said top coal and slate were in a place in said room and in the roof thereof where it could have been easily secured by propping the same with props and caps of timber without interfering with or getting in the way of the workmen of said mine or the operation of the mining machines used to mine coal or without interfering with the mining of coal in said room."

Upon the second trial a general verdict for appellant was returned with answers to interrogatories. Appellant's motion for judgment on the general verdict was overruled, and judgment was rendered for appellee upon the interrogatories and answers thereto, notwithstanding the general verdict. From such judgment this appeal is taken.

It is insisted by appellee that the suggestions made by the court as above indicated are without force at this time. The appellant's counsel seem to have been guided by them, and to the extent, if at all, that they express principles of law applicable to the facts, whether negative or affirmative in form, they became a part of the law of the case. *Keller* v. *Gaskill,* 20 Ind. App. 502.

The statement made is not of such a character as conclusively to determine the effect of findings upon the subjects named. The amended complaint avers, and the general verdict finds, that the top coal by the falling of which appellant was injured could have been secured by propping with props and caps of timber, but it affirmatively appears that no duty so to prop it existed.

The statute above referred to required certain duties from appellee and its mine boss relative to making and keeping the place where the appellant was working safe. A further provision of the statute required the appellee to keep a

sufficient supply of timber at the mine, and to deliver it in proper lengths at the rooms of the workmen when required. §7466 Burns 1894.

The term "top coal" is shown by the interrogatories and their answers to apply to a portion of the vein which did not come down when the blast was fired. If there was any negligence in the matter, it was in not removing the coal, and not from a failure to prop it. The mine boss, the plaintiff, and his assistants separately examined the coal, applied the best tests known, and united in the conclusion that the place was safe.

The facts exhibited by the interrogatories and their answers show that so far from the accident being caused by the violation of a statute that no statute was violated. The facts found leave the case within the rule heretofore declared by the Supreme Court, and the judgment is therefore affirmed.