## STEPHENS and Another *v.* LAWSON.

If a constable having levied an execution on the debtor's goods, refuse to permit him, he having a family, to retain 100 dollars' worth thereof as exempt from execution, but sell the same on the execution, he may be sued in trespass.

If objectionable testimony admitted by the Circuit Court, do not appear to have been objected to, it will be presumed that it was admitted by consent.

ERROR to the *Monroe* Circuit Court.

SULLIVAN, J.—Trespass by *Lawson* against the plaintiffs in error, for taking and carrying away and converting to their own use certain goods and chattels belonging to the plaintiff, of the value of 54 dollars. Plea, not guilty. Verdict and judgment for the plaintiff below.

At the trial, the defendants were permitted, without objection from the plaintiff, to prove that the goods and chattels above named were seized by virtue of an execution of *fi. fa.* on a judgment against the plaintiff, &c. The plaintiff then offered to prove, that he thereupon claimed the property

Nov. Term, 1844.

STEPHENS v. LAWSON.

described in the declaration as exempt from execution, under the statute which allows execution-debtors to claim certain property as exempt from execution, &c. The defendants objected, but the Court admitted the testimony.

During the progress of the trial, the Court instructed the jury that the plaintiff, if he had a family, had a right to claim property of the value of 100 dollars as exempt from execution, and that if he did, in the present case, claim from the defendant *Stephens*, the constable, 100 dollars' worth of property as described in the declaration, after the levy and before the sale, and the constable refused to allow it, he was liable to the plaintiff in the present form of action. To that instruction the defendants excepted.

The proof offered by the defendants in justification of the trespass, if objection had been made, should not have been received under the general issue. But as the testimony was not objected to, we presume that it was admitted by consent. The only question in the case then is, whether trespass is the proper action against a constable who, having levied on property as above stated, refuses to allow the execution-defendant, if he have a family, to select and retain 100 dollars' worth of it as exempt from execution.

We think the action is well brought. The refusal of the officer to allow the execution-defendant to retain the property claimed as exempt from execution, and the sale of it after he was informed of the defendant's request, were such an abuse of his authority as amounted to a trespass. The seizure was lawful, but when the property was claimed as exempt from execution, the levy was, by operation of law, discharged, and the subsequent retention and sale of it by the officer were without authority. The general rule is, that although the conduct of an officer in the first instance be lawful, yet if he abuse his authority, and commit some act of trespass not warranted by the process, he is a trespasser from the beginning. *The Six Carpenters' Case*, 8 Co. 146.— *Shorland* v. *Govett*, 5 B. & C. 485.—*Adams* v. *Freeman*, 12 J. R. 408.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*C. P. Hester*, for the plaintiffs.

*J. S. Watts*, for the defendant.