MANDLOVE and Another *v.* BURTON.

| Indiana. | |
|---|---|
| 1 | 39 |
| 132 | 355 |

| | |
|---|---|
| 1 | 39 |
| 154 | 171 |

If, between the times of the rendition of judgment and the issuing of execution, an execution defendant fraudulently conveys all his property to a third person, and it is afterwards levied on to satisfy the execution, he is not entitled to hold 125 dollars' worth of said property exempt from execution, neither can he, on the refusal of the officer to release to him a portion of the property to that amount, maintain trover therefor against said officer and execution defendant.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—Trover for certain goods by *Burton*, an execution-defendant, against *Mandlove*, the execution-plaintiff, and *Gephart*, the constable in whose hands the execution was. Plea, the general issue. Verdict and judgment below for the plaintiff.

On the trial the defendant asked the Court to give the following instructions:

"If the jury believe, from the evidence, that a judgment was recovered by defendant, *Mandlove*, against the plaintiff, *William Burton*, and one *Walter Bradon*, and that an execution was issued on said judgment and placed in the hands of the defendant, *Gephart*, a constable of *Clay* township, in said county, and that, between the times of the rendition of said judgment and the issue of' said execution, the said *Burton* conveyed all his property, both real and personal, to his son, *Adam M. Burton*, for the purpose of cheating and defrauding said *Mandlove*, and to prevent him from realizing the amount of his said judgment, and that after said fraudulent sale, said constable levied on a part of said property, in the presence of said *William Burton*, who stated to the constable, at the time of the levy, that he had no claims upon it, and said constable procured the property so levied on (which is the same property mentioned in the declaration) to be duly appraised in the presence of said *Burton*, and afterwards sold said property by virtue of said execution; and that, after said appraisement, and just before said sale, said *William Burton* claimed said property, or a part thereof, as exempt from execution under the law so exempting 125 dollars' worth of property, and said constable disregarded the claim, the jury may find for the defendants." This instruction the Court refused to give, "there being evidence" (as stated in the bill of exceptions) "tending to prove the matters recited in it."

We think the instruction should have been given. If the facts, assumed as the basis of it, existed, the plaintiff below had no right to his action, because he had no title to the property for the alleged conversion of which the suit was brought. If he had conveyed the property (and in this case we understand the term "conveyed" to import the delivery of possession,) though fraudulently, that conveyance divested him of all interest in it. If the grantee was privy to the fraud, his title is void as against the creditors of the grantor. If he was not privy to the fraud,

and obtained the property for an adequate consideration,
he will hold it, against both the grantor and his creditors.
In either event, however, the question must arise between
the grantee and those creditors.   The grantor surely can-
not sue; and the general issue in this case does not admit
his title.   2·Greenleaf, 538.

The circumstance that 125 dollars' worth of this pro-
perty, had it not been conveyed away, might have been
retained by the grantor as exempt from execution, cannot,
we think, alter the case.   The possessor of such exempt-
ed property may, we suppose, sell it.   If he do so, and it
be subsequently levied on for his debt, the purchaser may
probably reclaim it from under the execution, but we do
not see where the seller could find title on which to rest a
suit.   Nor do we think there is any difference, as to its
effect upon the title, whether the 125 dollars' worth of
exempted property is sold separately from, or included in
an indiscriminate sale, fraudulent or otherwise, with other
property.   We know of no principle which would author-
ize the seller, simply upon his own volition, to avoid his
conveyance as to the whole or a part of the property.   He
could not set up his own fraud as a ground for such
avoidance.

It is said trover does not lie for an injury such as that
attempted to be shown in this case.   Trover is concurrent
with trespass *de bonis asportatis;* 1 Ch. Pl. 9 Am. ed. 154;
and it was held in *Stephens* v. *Lawson,* 7 Blackf. 275, that
this latter action was maintainable by an execution-de-
fendant against an officer who sold goods claimed by
such defendant as exempt from execution.

*Per Curiam.*—The judgment is reversed—cause re-
manded, &c.

*A. Davidson,* for the plaintiffs.

*C. H. Test,* for the defendant.