## HOLMAN *v.* MARTIN.

A resident householder cannot claim land as exempt from sale upon execution, the title to which is in his wife.

Nor can he avail himself of his own fraud in having the land conveyed to her, to enable him to set up such exemption.

The question of the validity of the conveyance to the wife, arises between her and the creditors of the husband; and the question being one of fact, it would be for a jury, or the Court sitting as a jury, to determine it; and a verdict, in such cases, if not clearly wrong, will not be disturbed by this Court.

APPEAL from the *Dearborn* Circuit Court.

*Per Curiam.*—This was a suit by the appellant against the appellee, to recover a tract of land. Trial by the Court; judgment for the defendant.

*Thursday, June 23.*

The first question is, upon the right of the defendant to claim the property as exempt from execution; and the second, whether a conveyance of the land to the wife of the defendant was fraudulent.

The defendant was living on the property. He had but little personal property. The land was conveyed to his wife, by the person from whom it was purchased, on the 1st of *December*, 1856. At that time he was indebted, and afterwards, to-wit, in *March*, 1857, a judgment was rendered against him, upon which an execution was issued, in favor of *Holman*, upon which he purchased the land. The defendant claimed that it ought not to be sold on the execution, because 90 dollars of it belonged to his wife, and he claimed the balance under the exemption law. Afterwards, and whilst the sheriff was offering the land for sale, the defendant withdrew the claim of his wife, and claimed the said property under the exemption law. The sheriff disregarded the claim, and sold the property to the plaintiff.

Upon this state of facts the question of the validity of the sale, &c., arises.

The defendant could not claim the property under the exemption law; for the statute is, " That an amount of property not exceeding in value 300 dollars, owned by any resident householder, shall not be liable," &c. Here it was shown that the title to the property was not in the defendant, but in his wife. Whether there had been fraud in the transaction by which he had caused the title to be so vested in her, is a question he cannot raise. In other words, the law will not permit him to say that he was guilty of a fraud, and, therefore, he will, of his own volition, set aside the contract, reclaim the title, and insist upon retaining the property as exempt from sale, &c. *Mandlove* v. *Burton*, 1 Ind. R. 39.

The question of the validity of the conveyance to his wife, arises between her and the creditors of the husband. She was not made a party to this suit. To have enabled the Court to have found that the conveyance to her was void, the question, which is, by the statute, made one of

fact, as to whether the transaction was a fraudulent one, would have to be determined by the jury, or the Court sitting as a jury. Keeping in view the line of decisions which this Court has for a long time followed, upon the subject of disturbing findings and verdicts upon questions of fact, we cannot disturb this, although our inclination might have been different from the judge who heard the evidence.

The judgment is affirmed with costs.

*W. S. Holman,* for the appellant.

*D. S. Major,* for the appellee.