SLAUGHTER
v.
DETINEY.

APPEAL from *Marion* Circuit Court.

*Per Curiam.*—This case is similar to that of *Hunt et al.*
v. *The Same Appellees*, at this term (1).

Tuesday,
November 27.

The judgment as to the makers of the note is affirmed; as
to the indorsers, it is reversed.

*N. B. Taylor*, for appellant.

(1) Ante, p. 33.

———•—◦—•———

SLAUGHTER and Another *v.* DETINEY.

A mortgagor can not, after the mortgaged property has been ordered to be
sold on foreclosure, claim the property as exempt from execution.

15   49
Case 2
159  557

APPEAL from the *Harrison* Circuit Court.

Tuesday,
November 27.

*Per Curiam.*—The facts of this case may be read in
10 Ind. at p. 103, where the decision in it, on a former sub-
mission to this Court, is reported.

The question to be now determined is, whether a house-
holder, who, being the owner of a piece of ground, mort-
gages it, his wife not joining in the mortgage, can, after a
regular judgment of foreclosure and sale upon such mort-
gage, claim it as exempt from sale on such judgment. See,
as to who is a resident householder, *Mark* v. *The State*, at
this term.

In *Eltzroth* v. *Webster*, at this term, it is decided, that
property may be claimed as exempt from sale, up to the time
of sale, where it is taken by virtue of an execution upon a
general personal judgment against the defendant.

But it has also been decided, at this term, in *Ludwick* v.
*Berkmire*, that where property has been seized by virtue of
an attachment, a claim of exemption can not be interposed
after a judgment in the attachment proceedings, ordering the

Nov. Term, 1860.

sale of the specific articles of property; because the judgment concludes the question of exemption, as well as others.

The same principle must apply, and with increased propriety, to the case of mortgaged property, which the party has voluntarily pledged to his debtor, and the Court has specifically adjudged to be sold. See *Slaughter* v. *Detiney*, 10 Ind. *supra.*—Perk. Prac. 393.—*Mandlove* v. *Burton*, 1 Ind. 39.

The judgment is reversed, with costs. Cause remanded for further proceedings.

*W. T. Otto* and *W. Q. Gresham*, for appellants.

*R. Crawford*, for appellee.