No. 14,738.

SIMONS, ADMINISTRATOR, ET AL. *v.* BUSBY.

PLEADING.—*Death of Party.*—*Amendment of Complaint.*— *Curable Defect.*—Where, upon the death of the defendant, the complaint is not amended so as to aver his death and the appointment of an administrator, but the administrator appears and answers, the defect in the pleading is a mere informality and not, under section 658, R. S. 1881, available for the reversal of the judgment.

SEDUCTION.—*Publication of Wrong.*—*Aggravation of Damages.*—In an action by an unmarried female for her own seduction it is proper to allege and prove, in aggravation of the damages, the publicity given by the defendant to the seduction.

SAME.—*Complaint.*—*Recovery of General Damages.*—Where the facts constituting the seduction are set out in the complaint, together with averments that the plaintiff was damaged by reason of the publicity given by the defendant to the wrong " and was otherwise injured," the plaintiff is entitled to general damages.

SAME.—*Keeping Company with Other Women.*—*Irrelevant Evidence.*—The fact that the defendant kept company with other unmarried women during the time when he was visiting the plaintiff and when it is alleged he

accomplished her seduction, is not admissible in evidence in an action to recover for the seduction.

SAME.—*Instruction to Jury.—Declarations of Defendant.*—Where there is evidence to which it is applicable, an instruction that the jury, in determining whether the preponderance of the evidence is with the plaintiff, may consider any statements made by the defendant in regard to the manner in which he accomplished the seduction and the conduct of the plaintiff at the time of the intercourse, is proper.

SAME.—*Fraudulent Conveyance.— Sale of Real Estate.— Application of Proceeds.*—In an action for seduction and to set aside an alleged fraudulent conveyance of real estate by the deceased defendant, the court has authority to order the sale of the real estate by his administrator, who has appeared as a party, but it may not direct the proceeds to be applied in payment of the judgment to the exclusion of other creditors.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins, W. L. Cavins, W. W. Moffett* and *C. E. Davis,* for appellants.

*E. Short* and *J. S. Bays,* for appellee.

OLDS, J.—This action was commenced by the appellee against John N. Simons and James S. Simons, charging John N. Simons with the seduction of the appellee, and to set aside a conveyance of real estate made by John N. Simons to James S. Simons. Pending the action, John N. Simons died, his death was suggested, and the appellant Samuel Simons, administrator of the estate of said John N. Simons, appeared to the action and filed a demurrer to the complaint, which was overruled, and he filed an answer. The cause was submitted, trial had, resulting in a verdict in favor of appellee for $500 and an allowance for said amount, and the court rendered judgment setting aside the conveyance of the real estate by John N. to James S. Simons. The court also found that the land was of the value of $1,200, and that there were no assets belonging to said estate, except the real estate, and ordered the administrator to sell the real estate subject to a mortgage thereon, ordered the administrator to give bond in the sum of $2,400, and that he pay from the proceeds of such sale: First. The costs of administration, including

costs of this suit. Second. The expenses of last sickness and funeral expenses. Third. The judgment in this cause in favor of appellee.

The first alleged error discussed is, that the court erred in overruling the demurrer of the appellant Samuel Simons, administrator, to the complaint. The demurrer was for the cause, that the complaint does not state facts sufficient to constitute a cause of action against said Samuel Simons, administrator. The first objection urged is, that upon the death of John N. the complaint was not amended so as to aver the death of John N. and the appointment of Samuel as administrator. This defect in the complaint is a mere informality, and the defendant having appeared and answered the complaint, and the cause appearing to have been fairly tried, it is not such an error as will reverse the judgment, and it is such an imperfection as is cured by section 658, R. S. 1881.

The next objection urged to the complaint is, that it does not state facts sufficient to constitute a cause of action for seduction. The complaint alleges that the plaintiff is an unmarried female, and that the defendant John N. Simons, on the 25th day of April, 1886, and other days and times since said day, and before the bringing of this action, had carnal intercourse with the plaintiff, who was, previous to and until said acts complained of, virtuous and chaste and of good character for chastity, and had never had sexual intercourse with any man; that as a means of accomplishing said seduction the defendant had regularly waited upon plaintiff as a suitor, giving her kind and affectionate treatment; that he also falsely, fraudulently and corruptly represented to her that he desired to marry her, and did promise to marry her, and she consented to marry him before said acts of sexual intercourse; that by his kind attentions to her he gained her affections and confidence, and she, believing that the defendant intended to marry her, and having full confidence in him and great love for him, consented to said sexual intercourse; that said de-

fendant, as soon as he accomplished his malicious purpose to debauch said plaintiff, deserted her, refused to marry her and publicly published the fact that he had had sexual intercourse with her.    It is further averred that, at the time of said seduction, she was of good social standing and respectability; that on account of said seduction being made known by defendant, her fair name has been destroyed and her associates have forsaken her and she has suffered great agony of mind, and was otherwise injured, to her damage $2,000.

It is contended that the only damages alleged are such as resulted by reason of the publicity of the seduction by the said John N. Simons, and that the plaintiff can not recover damages for the publicity; that the only liability for the publishing of the seduction would be in an action for slander.    In the case of *Haymond* v. *Saucer*, 84 Ind. 3, it was held that, in an action for breach of promise to marry and for seduction, if the defendant wantonly, with intent to injure the plaintiff, and without reasonable belief that he will be able to prove it, allege in his answer that the plaintiff is unchaste and has had illicit intercourse with other men, it may be considered in aggravation of damages.    In the case of *Wilson* v. *Shepler*, 86 Ind. 275, this court said : " But, besides the loss of time and actual expenses, the injured party is entitled to compensation for the disgrace and personal injury which she suffers, for which it is evident there can be no definite money standard or measure."    And the statute provides that "Any unmarried female may prosecute, as plaintiff, an action for her own seduction, and may recover therein such damages as may be assessed in her favor."    Section 263, R. S. 1881.    In an action by the parent for the seduction of the daughter, damages are recoverable for the wounded feelings and dishonor which the parent sustains.    2 Sedgwick Damages (7th ed.), p. 513.

The damages for personal injury, wounded feelings and dishonor suffered by reason of the seduction are recoverable by a female in an action under our statutes for her own

seduction, and the extent and amount of the damages must depend to some extent on the publicity given to the outrage and injury sustained by her. Such damages can not, as contended by counsel, be recovered in an action for slander, for such words spoken of her would not be false. It is therefore proper, in an action for seduction, to allege and prove the publicity given to the wrong by the defendant; and it is proper to consider the same in the assessment of the damages sustained by the injured party, and the complaint would be good if construed as contended for by the appellants. But it is averred in the complaint that the plaintiff "was otherwise injured," and the averments in the complaint charging the seduction entitled the plaintiff to general damages; and the allegations in regard to the publicity given to it by the defendant, and the damages resulting therefrom, were in aggravation of the damages. There was no error in the ruling of the court on the demurrer.

The next alleged error discussed is the exclusion of testimony. The appellee introduced testimony to show that said John N. Simons kept company with appellee at and before and after the seduction, and appellants offered to prove by a witness that during the same time said John N. kept company with appellee he also kept company with other unmarried women. Objection was made and sustained, and the testimony was excluded. The ruling of the court was proper. The question as to whether John N. Simons kept company with other unmarried women or not was not an issue in the case, and if it had any bearing upon whether he seduced the appellee or not, it is so remote that it can have no relevancy and was properly excluded.

One Moreland testified as a witness for appellee, and in the course of his cross-examination he was asked as to whether he had not drunk with one Fuller, a witness on behalf of the appellants, and he stated he had, upon two occasions, and

he was asked if he had not done so a third time at a partic-
ular time and place, and he stated that he did not; and the
defendant Samuel Simons offered to testify on his own be-
half, for the purpose of impeaching Moreland and showing
Moreland's interest in the cause, that he had called said Ful-
ler to take a drink at the time when Moreland stated he
had not, and objection was made and his testimony was ex-
cluded.   This was an immaterial matter.   Moreland admit-
ted having treated Fuller and drunk with him, and the only
controversy was as to whether it was one particular time or
another, and the evidence of Simons was properly excluded.

It is contended that the court erred in giving instruction
number one; that it is ambiguous and assumes that the de-
ceased claimed that he seduced the appellee.   The particular
portion of the instruction objected to is as follows:

"In determining whether the preponderance of the evi-
dence is with the plaintiff, you will take into consideration
any statements, if any have been proven, that may have been
made by the deceased in regard to the manner in which he
claimed he had accomplished the seduction, and the action
of the plaintiff at the time of the intercourse."

We do not think this instruction subject to the objection
urged by counsel.   It does not assume that the deceased
claimed he had seduced the plaintiff, but that the jury might
consider any statements which it had been proven that John
N. made about having seduced her, and the manner in which
he accomplished it, and how she acted at the time of the in-
tercourse.   The instruction was proper, under the evidence,
as a witness had testified "that John N. had told him how he
had accomplished the wrong by coaxing, persuading and
promising to marry her, and that she must submit to inter-
course with him if she desired to marry him."

It is further contended that the court erred in modifying
instruction number two, asked for by appellants.   Appellants
asked the court to charge the jury that "they could not con-
sider any damages which may have arisen from the fact the

deceased told about the intimacy between him and the plaintiff." There was no error in modifying this instruction; it was not proper to be given as the law of the case, and the instruction as modified and given stated the law too favorably to the defendant.

It is contended that the damages are excessive, that the verdict is not sustained by sufficient evidence, and is contrary to law. We have carefully read the evidence and it fully sustains the verdict, and while there is some evidence detrimental to the appellee's character, yet the jury was clearly justified in finding in her favor, as they did, and having so found the damages are not excessive.

It is further contended that the court erred in ordering the sale of the real estate. It has been held in an action of this same character, for setting aside a fraudulent conveyance of real estate, that the court had authority to order the sale of the real estate by the administrator, but had no authority to order the proceeds to be applied in payment of the judgment to the exclusion of other creditors. *Bottorff* v. *Covert,* 90 Ind. 508. The judgment, in so far as it orders the sale of the real estate, is proper, but the proceeds must be applied as required by statute. There was no motion made by the appellants to modify the judgment in this respect.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs, and five per cent. damages.

Filed May 10, 1889.