Chandler *et al. v.* Jessup.

———————◆———————

No. 14,652.

CHANDLER ET AL. *v.* JESSUP.

|132|351|
|154|169|
|154|171|

PARTNERSHIP.—*Real Estate Purchased With Firm Assets.*—*Title Not Taken in Firm Name.*—*Liability of for Debts of Individual Partners.*—Where payments were made out of firm property and funds upon the purchase or improvement of real estate not purchased or used for partnership purposes and title taken in the name of the individual partners or of others on their account, the sums so paid were, by the act of payment, withdrawn from the firm assets and the land so purchased is liable for the individual debts of a partner to the extent of his interest as between himself and a creditor.

EXEMPTION.—*Fraudulent Conveyance.*—*When Exemption Not Allowed.*—When a conveyance is found to be fraudulent a motion to modify the judgment so as to allow defendant an exemption of $300 out of the proceeds of the sale of the land was properly overruled, no issue upon the subject having been tendered or joined by the parties, and no evidence having been introduced upon the subject at the trial and there being no proof that the party claiming the exemption was a resident householder.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellants.

*M. Bell* and *W. C. Purdum,* for appellee.

MILLER, J.—This action was brought by the appellee to recover a sum of money paid out for the use and benefit of the appellant John Chandler, and to set aside a conveyance of real estate to the appellant Elizabeth Chandler, and to subject the real estate to the payment of the debt.

The complaint is in the usual form in such cases, averring, among other things, that on the 27th day of October, 1883, the defendant John Chandler, and Josiah Beeson purchased and paid for, with their own means and property, the real estate in the complaint described; and afterward caused to be erected and constructed upon the lot, permanent and valuable improvement of the value of two thousand dollars, and paid therefor with their own means; each paying one-half of the purchase money and cost of improvements.

That at the time of the purchase of the lot and making of the improvements the defendant John Chandler was and is insolvent.

That for the fraudulent purpose of cheating, hindering and delaying his creditors he caused the deed for the one-half of said lot to be taken in the name of his wife, Elizabeth Chandler, and for a like fraudulent purpose and design caused the improvements to be made upon the lot at his own expense. That said Elizabeth Chandler paid no part of the consideration for the lot, and no part of the consideration for the lot, and no part of the cost of the improvements made thereon, but accepted said conveyance and suffered the improvements to be made with a full knowledge of all the facts and of the fraudulent intent of her husband.

The defendants answered the complaint by a general denial.

A trial by the court resulted in a finding and judgment for the plaintiff against the defendant John Chandler for a sum of money, and against both defendants setting aside the conveyance of the real estate and subjecting the same to the payment of the judgment.

The defendants separately moved the court for a new trial, but their motions were overruled and judgment rendered on the finding.

After final judgment the defendant John Chandler filed his motion as follows:

" John Chandler moves the court to modify the judgment of the court heretofore pronounced and entered in the order book in this cause in the following respect, to wit:

" To insert a provision in said judgment that upon a sale of the undivided half of lot nine mentioned in said judgment in pursuance thereto, this defendant John Chandler be permitted to claim and hold as exempt from execution three hundred dollars' worth of property as appraised by appraisers, and that the judgment of the court in this cause shall not prejudice the right of John Chandler to claim said exemption of three hundred dollars from the proceeds of a sale of said half of lot nine mentioned in the judgment."

This motion was overruled and excepted to by the defendant John Chandler.

The errors assigned call in question the overruling of the motion for a new trial, and to modify the judgment.

The only questions discussed by counsel relate to the sufficiency of the evidence to sustain the judgment, and the refusal of the court to modify the judgment.

Counsel in their brief state that there was some evidence to establish the insolvency of John Chandler at the time the deed was made and improvements placed upon the lot, and that he had the property conveyed to his wife to prevent its sale upon execution. The fact that there was such evidence renders it unnecessary to consider the evidence given by the defendants tending to show that this property was conveyed to Mrs. Chandler to repay her for an indebtedness due her from her husband on account of previous transactions between them. We must presume that the court fully considered this with the other evidence and rendered a finding and judg-

ment upon the weight of the evidence as it was disclosed to him upon the trial.

The evidence shows that John Chandler and Josiah Beeson were partners, and that the property and its improvements were paid for out of the store belonging to the firm, with the exception of some lumber from a saw mill formerly owned by Chandler. The appellants claim that inasmuch as the appellee was the individual creditor of Chandler, and the firm property was not subject to the individual debts of the partners until the partnership debts were paid and accounts adjusted, the appellee was not injured by the conveyance to Mrs. Chandler, especially as the firm of Chandler and Beeson was insolvent.

When payments were made out of the firm property and funds, upon the purchase or improvement of real estate, not purchased or used for partnership purposes, and title taken in the names of the individual partners, or of others on their account, the sums so paid were, by the act of payment, withdrawn from the firm assets and as between them and the firm became the individual property of the partners or the grantee.

What the rights of the firm creditors would have been if they had been parties to the suit, we are not called upon to determine.

In our opinion the court did not err in overruling the motion of the appellant John Chandler to modify the judgment so as to give him $300 out of the proceeds of the sale of the half lot.

No issue upon this subject had been tendered or joined by the parties. No evidence had been introduced upon the subject at the trial and we fail to find proof of the necessary fact that Chandler was a resident householder, except such as arises as a mere inference from other facts proven.

The court having found that the conveyance was fraudulent the appellant John Chandler could not claim the

property so fraudulently conveyed, or any part of it, as an exemption. *Mandlove* v. *Burton*, 1 Ind. 39; *Holman* v. *Martin*, 12 Ind. 553; *Jones* v. *Deport*, 123 Ind. 594.

We find no error in the record.

Judgment affirmed.

Filed Oct. 11, 1892.