## MCNALLY ET AL. *v.* WHITE.

[No. 18,679.    Filed Oct. 3, 1899.    Rehearing denied Feb. 14, 1900.]

EXEMPTION.—*Practice.*—Where the court has announced and filed special findings together with conclusions of law thereon, it is too late for defendant to raise the question as to his right of exemption.  *pp. 169, 170.*

FRAUDULENT CONVEYANCES.—*Exemption.*—A decree setting aside a conveyance of real estate as fraudulent against the rights of grantor's creditors does not reinvest grantor with title upon which to found a claim that the land, or the proceeds arising from the sale thereof, be awarded or set apart to him by virtue of the exemption statute.  *p. 170.*

SAME.—*Order of Sale.—Execution.*—In an action by creditors assailing a fraudulent transfer of property, the court may by its decree direct that the property be sold upon an order of sale instead of an execution.  *p. 171.*

COVENANTS.—*Breach of Warranty.—Measure of Damages.*—On a breach of covenants of warranty and partial eviction by reason of the failure of title to a portion of the real estate conveyed, the damages recoverable are the proportionate part of the purchase price with interest.  *pp. 171–174.*

From the Hamilton Circuit Court.    *Affirmed conditionally.*

*Stephenson, Shirts & Fertig* and *H. J. Alexander*, for appellants.

*I. W. Christian* and *W. S. Christian*, for appellee.

JORDAN, C. J.——Action by appellee to set aside an alleged fraudulent conveyance of real estate, and to recover damages for a breach of covenants of warranty contained in a deed executed by appellant and wife to appellee, purporting to convey to the latter certain described lands.    The evidence is not before us, and the questions sought to be presented for review arise solely upon exceptions reserved to the court's conclusions of law upon the special finding of facts, and in denying appellant's demands for exemption as a resident householder, and in overruling certain motions made by him to modify the judgment.

The facts disclosed by the special finding are substantially as follows: Samuel Stern died intestate in 1861, the owner in fee of eighty acres of land situated in Hamilton county, Indiana, leaving surviving him, as his sole heirs, his wife, Jane Stern, together with eight children. By virtue of the statutes of descent, said real estate descended, one-third to said surviving wife, and the remainder to said children. Mrs. Stern, the widow, subsequently intermarried, and became the wife of appellant. After her marriage with him, and prior to July 2, 1883, he obtained warranty deeds from each of said Stern children whereby they purported to convey to him all of their right, title, and interest, present and prospective, in and to said real estate. On July 2, 1883, appellant, Richard McNally, and his said wife, Jane McNally, the latter still holding an undivided one-third interest in the land in question by virtue of descent from her former husband, Samuel Stern, sold and conveyed by warranty deed said tract of eighty acres to the appellee, Wesley S. White, for and in consideration of the price paid, of $3,200; and on said day appellant delivered possession of the said premises to the appellee. On December 24, 1892, appellee sold this land to one Frank W. Patterson for $4,400; and, together with his wife, conveyed the same by warranty deed to Patterson, and placed him in possession of the premises. Jane McNally, some time in the month of April, 1893, died, the wife of appellant, and, after her death, her said children by her former marriage with Stern instituted in the Hamilton Circuit Court, on August 12th of the same year, an action against Patterson and the appellee herein for a partition of the land in question. After the beginning of this action for partition, Patterson notified the appellee to appear and defend it, and appellee accordingly notified appellant, in writing, of the pendency thereof, and requested that he appear thereto, and defend the same, or be bound by the judgment rendered therein. Upon the receipt of this notice, appellant appeared to said action, by his attorneys,

and defended the same in the name of the defendants thereto. The venue of the cause was changed, finally, to the Hancock Circuit Court, wherein a trial by the court, under the issues joined between the parties, resulted in the court finding that four of the plaintiffs were each the owner of the undivided one-twenty-first in value of said real estate, except as to ten acres thereof, and that two of the plaintiffs were jointly the owners of an undivided one-twenty-first part in value, except as to ten acres, and that the defendant, Frank W. Patterson, appellee's grantee, was the owner of all the remainder of said land; and thereupon the court awarded a judgment of partition, and appointed commissioners to divide said lands among said parties according to their respective interests, under the finding and judgment of the court. Partition of the premises was made by said commissioners, and the respective interests of the parties, as found by the court, were allotted to them, all of which was confirmed by the court; and it was ordered and adjudged that the said Patterson yield and surrender to the plaintiffs the part set off to them. On August 7, 1896, after the rendition of the final judgment in said partition action, appellee, in order to protect his grantee, Patterson, under his covenants of warranty, purchased the land set off to the plaintiffs in said partition action for the price of $925, and caused the same to be conveyed to Patterson. The court further finds that the purchase money of the land sold by appellant to appellee was $40 per acre, and that the total price of the seventy acres, out of which the portion (five-twenty-first parts) allotted to the Stern heirs in the partition suit was conveyed, was $2,800, and that the part of the said purchase money corresponding to the interest partitioned to said heirs was $666.65. After the sale and conveyance by appellant and wife of the real estate to appellee, appellant purchased of one Oliver Armstrong eighty acres of land, situated in Hamilton county, Indiana, and on August 24, 1892, he and his wife, Jane, conveyed forty acres of this tract to appel-

lant's son, William; and, on August 28, 1893, appellant, then being a widower, conveyed the remaining forty acres of said tract of land, which at that time was of the value of $2,000, to one Onie McNally, wife of his said son William, reserving unto himself the use, possession, and control of said realty during his natural life. This latter conveyance was upon the consideration and condition that the grantee, Onie McNally, should provide the grantor, Richard McNally, with a comfortable home, and do his washing during the remainder of his life, and, should he demand it, his said grantee agreed to provide him with suitable clothing; and it was further stipulated in the deed that a failure on her part to perform any of the terms, or conditions, was to render said conveyance null and void. The conveyance by appellant to Onie McNally was without any consideration other than that aforesaid stated. She accepted the deed for the land, and performed all of its conditions upon her part until the 3rd day of April, 1894, when, under an agreement with appellant and his daughter, Addie Coverdale, said Onie McNally and her husband conveyed the forty acres to said Addie Coverdale, in consideration that the latter would perform all of the conditions imposed by the deed of appellant to said Onie McNally. On April 4, 1894, in pursuance of the agreement, Addie Coverdale, together with her husband, moved onto said real estate, and appellant then came and resided with her upon the land, and has since that date continued to live and make his home with his said daughter, Mrs. Coverdale, and she has provided for him in accordance with the provisions of said deed. Appellant, since June, 1893, has been unable to perform manual labor, and is now seventy-six years of age, infirm, and in bad health; and the court finds that a reasonable value for the services already rendered by Addie Coverdale for appellant, since the date of the conveyance of the land to her is $500, over and above the proceeds derived by her for the rent of the land. After the conveyance of the forty acres by Onie

McNally to Mrs. Coverdale, the latter, together with appellant, mortgaged the land to secure the payment of $500, the greater part of which money was expended in making repairs and improvements on the land, $85 thereof being used in the defense of the aforesaid partition suit. The court finds facts showing that, at the time of the conveyance of the said forty acres by appellant to Onie McNally, and by the latter to Mrs. Coverdale, appellant considered the claims which the children of Samuel Stern were asserting to the land conveyed to him by appellee as unjust, and that by means of said conveyance appellant intended to secure a support for himself in his old age, and thereby hinder and prevent the collection of any judgment that might be rendered against him rising out of or connected with the claims made by said heirs of Samuel Stern, and in this manner he intended by said conveyance to defraud the appellee. The court finds that the conveyance of said land, so far as the future services to be rendered by the grantee are concerned, is without any consideration, and operates to hinder and prevent the collection of any judgment that may be recovered by appellee against appellant, all of which appellant and his said grantees, at the time of the conveyance, well knew; and the court finds that to the extent that Mrs. Coverdale has performed the conditions and consideration upon her part, under said deed, she ought to be considered as acting in good faith, but that the conveyance, as to the consideration for the land to be paid by future services, operates or results as a fraud upon the rights and claim of the appellee.

After the conveyance of the said forty acres, appellant had left no other property subject to execution, and his said condition in this respect has ever since continued unchanged. The court's conclusion upon the facts found is to the effect that the plaintiff is entitled to recover a personal judgment against defendant, Richard McNally, for the sum of $1,000, as damages for a breach of his covenants of warranty. Second, that the judgment rendered in the partition action by

the Hancock Circuit Court is binding on the defendant, McNally, and establishes his liability upon the covenants of warranty to plaintiff, and that the conveyance of the real estate to Addie Coverdale should be set aside, as to plaintiff, as constructively fraudulent, subject, however, to the mortgage of $500, and subject to the $500 allowed her for her services, and that the said real estate ought to be sold subject to the $500 mortgage and the proceeds arising therefrom should be applied as follows: (1) To the payment of the $500 in favor of Addie Coverdale; (2) to the payment of the cost of this action; (3) to the payment of the judgment rendered herein in favor of the plaintiff; (4) the remainder, if any, to the clerk of the Hamilton Circuit Court, for the use and benefit of whomsoever may be entitled thereto.

A judgment for $1,000 was rendered in favor of the plaintiff, and the court, by its decree, set aside the conveyance in question, so far as it affected the rights of appellee, and ordered that the land be sold without appraisement, and the proceeds applied in accordance with the conclusions of law. Appellant reserved exceptions to the several conclusions of law. After the court had announced and filed its special finding of facts with its conclusions of law thereon, and prior to the rendition of judgment on said finding, appellant filed, and presented to the court, a verified application, whereby he demanded an exemption of $600 of property from sale as a resident householder. This demand, over appellant's exceptions, the court denied. After judgment was rendered, appellant then moved the court to modify its judgment as follows: (1) That it direct in its judgment that appellant's life estate in said land be not sold; (2) that the court order and direct that the land be sold upon execution, to be issued upon the judgment recovered, and not upon decree; (3) that the decree be so modified as to direct said land to be sold subject to appellant's claim for exemption, and that the sheriff be ordered to allow

appellant his exemption; (4) that the judgment and decree be so modified as to provide that the property embraced in appellant's schedule, filed therein, be appraised by the sheriff, as provided by law, and that his life estate in the lands be valued and exempted to him for a term of years, etc. This motion to modify was overruled, and this action of the court, together with the overruling of appellant's demand for exemption, and the several conclusions of law upon the special finding of facts, are assigned as errors.

If appellant could have availed himself of any rights of exemption as a resident householder, he ought to have seasonably presented such question by answer, and tendered an issue thereon before trial. Certainly the question of exemption could not be presented, as it was, after the court had filed its special finding, which is entirely silent upon this feature of the case. The matter of appellant's exemption, if available to him in this case, could not be properly raised by the methods which he employed. Consequently, the court, for this reason alone, was justified in denying his demand for exemption. *Chandler* v. *Jessup*, 132 Ind. 351; *Phenix Ins. Co.* v. *Fielder*, 133 Ind. 557. But aside from the question as to the mode of procedure employed in this case, upon no view do we think appellant could have demanded in this action that the real estate in question, or the proceeds arising from the sale of the fee, should be awarded to him by the court, in whole or in part, as exempt. It is true that the property of a resident householder, which falls within the provisions of our exemption law, is not liable to the claims of creditors arising out of contract, and when the conveyance or transfer of said property to another is assailed by his creditors as fraudulent, as a general rule, it may be shown in such actions upon the trial, as a defense, that the property in dispute, at the time of the alleged fraudulent conveyance, under the provisions of the exemption statute, was beyond the reach of creditors, and that the latter were, therefore, not in a position to attack the transfer. *Phenix*

*Ins. Co.* v. *Fielder, supra; Citizens State Bank, etc.,* v. *Harris,* 149 Ind. 208.

But this is not the question sought to be presented. In the case at bar, as the court finds and adjudges, appellant, having fraudulently conveyed his land to another, is not in an attitude, under the circumstances, to demand that the conveyance be annulled and the property turned over to him under his demand for exemption. The issue tendered by the complaint, in respect to the fraudulent conveyance, was more especially between the plaintiff and the party who claimed title to the land through said conveyance. Appellant, having fraudulently conveyed his property, certainly could not, for his own benefit, legitimately reclaim it, or demand that the proceeds, arising out of the sale ordered by the court, be awarded to him under the provisions of our exemption laws. The decree of the court, setting aside the conveyance as fraudulent, against the rights of appellant's creditors, in no manner served to reinvest him with title to the land. The decree simply established that the conveyance in controversy was null and void so far as it affected the rights of appellee, a creditor, in collecting his claim for damages. The conveyance in question, as between the grantor and his grantee, was valid, and was only open to the attack of the former's creditors who were in a position to assail it as fraudulent. As to all others, it is valid, and must stand. *Kitts* v. *Willson,* 140 Ind. 604.

Section 715 Burns 1894, §703 R. S. 1881 and Horner 1897, provides that "An amount of property, not exceeding in value $600, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract," etc. As the land had been conveyed away by appellant, and, as we have heretofore said, the judgment of the court simply canceled such conveyance, so far as the rights of his creditors were concerned, and did not operate to invest him with the title of which he had devested himself, there-

fore, under the provisions of the statute of exemption, he has no right nor title upon which to found his claim that the land, or the proceeds arising out of the sale under the court's decree, or any part thereof, be awarded or set apart to him by virtue of the exemption statute. *Mandlove* v. *Burton*, 1 Ind. 39; *Holman* v. *Martin*, 12 Ind. 553; *Jones* v. *Dipert*, 123 Ind. 594; *Chandler* v. *Jessup*, 132 Ind. 351; *Phenix Ins. Co.* v. *Fielder*, 133 Ind. 557.

It is insisted that appellant ought to have been allowed an exemption out of the life estate which he seems to have reserved in the land. But if this be true, as heretofore stated, he ought to have interposed such claim by way of an answer, and had his rights in the matter determined upon the trial. Appellant can not successfully deny the right of the court, under the circumstances, to direct, as it did, that the land in controversy be sold upon a decretal order, instead of the sale being made upon execution. The rule is well settled that, in an action by creditors, in a court of equity, assailing a fraudulent transfer of property, the court may by its decree direct that the property be sold upon an order of sale instead of an execution. The creditor, having already been hindered in the collection of his debt, ought not, as a general proposition, be further delayed by being compelled to resort to an execution. *Vandever* v. *Hardy*, 51 Ind. 499; *Bank* v. *White*, 6 N. Y. 236, and cases cited; *Miller* v. *Sherry*, 2 Wall. 237; *Neal* v. *Foster*, 36 Fed. 29.

Neither did the court err in ordering that the sale of the real estate be made without the benefit of the appraisement law. The conveyance being fraudulent, as found by the court, the property was, consequently, under the express provisions of §755 Burns 1894, §743 R. S. 1881 and Horner 1897, subject to be sold without appraisement. *Mugge* v. *Helgemeier*, 81 Ind. 120.

It is next contended, that, under the specific facts set forth in the special finding, the court did not adopt the cor-

rect rule for the measure of damages, and that its conclusion of law, in this respect at least, is erroneous.   The special finding discloses that the court acted upon the theory that the $925 paid by appellee to the Stern heirs, to secure their superior title, with interest thereon from the date of payment of this sum, was the legitimate measure of appellee's damages for the breach of the covenants of warranty in appellant's conveyance.   The general rule, and the one ordinarily enforced in this jurisdiction, is that, on a breach of covenants of warranty in a conveyance of real estate, where there is an entire failure of title, the whole purchase money, with interest thereon, is the measure of damages.   Where, however, there is but a partial eviction, as in this case, by reason of the failure of title to a portion only of the premises conveyed, as a general rule the damages recoverable are the proportionate part of the purchase price, with interest. *Reese* v. *McQuilkin*, 7 Ind. 450; *Phillips* v. *Reichert*, 17 Ind. 120, 79 Am. Dec. 463; *Burton* v. *Reeds*, 20 Ind. 87; *Wood* v. *Bibbins*, 58 Ind. 392; *Wilson* v. *Peelle*, 78 Ind. 384; *American, etc., Co.* v. *Seitz*, 101 Ind. 182; *Rhea* v. *Swain*, 122 Ind. 272.

Chancellor Kent, in his Commentaries, states the rule as follows:   "The buyer, on the covenants of seisin, recovers back the consideration money and interest and no more. The interest is to countervail the claim for mesne profits, to which the grantee is liable, and is, and ought to be, commensurate in point of time with the legal claim to mesne profits."   4 Kent (12th ed.), 475.

The finding discloses that at the time of the conveyance of the land by appellant and wife, the latter owned and held in fee the undivided one-third thereof.   This interest she had acquired by descent, as the widow of her former husband.   Her right, therefore, there being children alive by her previous marriage with Stern, during her subsequent coverture, to alienate her said interest in the land was, by virtue of section eighteen of the statute of descent, §2641

Burns 1894, §2484 R. S. 1881 and Horner 1897, suspended, except under the conditions therein provided. Her children by the previous marriage, however, did not become seized with the title to her said interest in the land until her death in April, 1893, when, under the provisions of the above section, it descended to them in fee simple as her forced heirs, and from that time forward they were the paramount owners thereof, entitled to the possession and use of said interest, assuming, however, as we do, that they were not estopped by the warranty deed which they seemed to have executed to appellant.

The court finds, as we have seen, that the part of the seventy acres from which appellee's grantee, Patterson, was evicted, represented $666.65 of the purchase price of said seventy acres. The exact day in April, 1893, upon which the wife of appellant died is not disclosed by the court's finding. Assuming, however, that it occurred on the fifteenth day of that month, the interest on said sum of $666.65, from that date to the time of the court's finding, January 15, 1898, would be in round numbers $190; making the total amount, principal and interest, $856.65. This, we think, under the facts in this case, is the proper measure of appellee's damages. The amount $1,000, assessed by the court, is in excess of the amount to which appellee is shown to have been entitled, and is, therefore, not sustained by the case or *Mooncy* v. *Burchard*, 84 Ind. 285.

As to the effect of the warranty deeds obtained by appellant for the lands in dispute from the Stern heirs prior to his conveyance of the premises to appellee, we need intimate no opinion, as that question seems to have been determined and settled between the parties by the judgment of the Hancock Circuit Court, and all parties concerned seem to have abided by this judgment, and, be the same right or wrong, it is not now open to review in this action.

We think that, under the facts found, the amount of recovery awarded by the court is too great in the sum of

$143.35, and, in this respect, and in this only, the court erred in its conclusions of law.

If the appellee will, therefore, within thirty days from this date, enter a *remittitur* of $143.35 upon the judgment below as of the date of its rendition, it will be affirmed at his cost; otherwise, the judgment will be reversed, and the cause remanded to the lower court, with instructions to restate its conclusions of law in respect to the amount of recovery, in accordance with this opinion, and to render judgment accordingly.

## ON PETITION FOR REHEARING.

JORDAN, J.—Appellant petitions for a rehearing in this case for the reasons asserted, among others, that we erred in holding that appellee was entitled to interest upon the amount of his damages from the death of appellant's wife, instead of deciding, as it is insisted we should, that he is entitled to interest only from the date of the partition of the lands under the order of the Hancock Circuit Court. Second, that we erred in holding that appellant was not entitled, as a householder, to claim that his life estate in the lands in question was exempt from the sale under the decree.

We held in the original opinion that, under the pleadings in the case, no issue as to appellant's right of exemption was tendered, and that it was too late to raise the question in the manner attempted after the filing of the court's special finding. It is true there are some statements in the finding, in respect to the value of appellant's life estate, and other property aside from the land in dispute, but in regard to the question of appellant's being a resident householder, the finding is silent; and it is sought for the first time, under the application subsequently filed, to inject that issue into the case.

It is contended that appellant, under the general denial, which was the only answer filed by him, had the right to

show, and did show, that, under his alleged fraudulent deed, whereby he conveyed the land in controversy to his daughter-in-law, Onie McNally, ·he had reserved a life estate therein, and therefore was in a position to demand that such estate in the land be exempted from the effects of the judgment. This contention can not be sustained. The complaint assailed the deed in question, upon the ground that it was a fraud upon the plaintiff's rights as a creditor; and so far as it interfered with such rights, it sought to avoid this deed as an entirety, and not in parts.

It is true that the special finding discloses that appellant, by this deed, reserved unto himself the use, possession, and control of the land during his life; but this deed, as the court found, was fraudulent as to appellee, and the force and operation of the decree was to avoid or cancel it *in .toto*, so far as it interfered with plaintiff's rights as a complaining creditor. The conveyance by appellant of the fee to his grantee, and the reservation unto himself of a life estate, were a part of the same fraudulent transaction, and both depend upon the same deed of conveyance; and the fraud affected the deed as to both, so far, at least, as the rights of appellee, the complaining creditor, are concerned; and the law, under the circumstances, would not have justified the court in holding that the deed, conveying the land in fee, was void against appellee, but valid as to the reservation of the life estate therein.

Appellant can not demand, under the circumstances, that his fraudulent deed be avoided only in part. If it is void, as against appellee, so far as it purported to convey the estate in fee simple to the grantee, it certainly can not be upheld as to the reservation of the life estate in question, to the extent of requiring that the land be sold subject to such encumbrance. The deed, being set aside, or canceled in its entirety, upon the grounds that it was fraudulent as against appellee, we fail to recognize how appellant can, under such circumstances, claim that his alleged life estate,

which rests upon such fraudulent deed, shall be, as against appellee, in any manner protected or upheld.

We have again considered all of the questions involved in this case, and are satisfied with the conclusions reached thereon at the original hearing. The petition is therefore overruled.