FIRST STATE BANK OF DUNKIRK *v.* CUNNINGHAM ET AL.

[No. 14,624. Filed September 27, 1933.]

*Roscoe D. Wheat* and *Fred A. Wiecking,* for appellant.

*Lee F. Sprague* and *Eichorn, Gordon & Edris,* for appellees.

BRIDWELL, J.—Appellant brought this action against the appellees to recover possession of certain real estate situated in Blackford County, Indiana, alleging in each of its two paragraphs of complaint that it was the owner in fee simple of said real estate and entitled to the immediate possession thereof. The issues were closed by an answer of general denial to each paragraph of complaint. The cause was submitted to the court for trial, and, upon proper request, the court made its special finding of facts and stated conclusions of law thereon. Appellant duly excepted to each con-

clusion of law, and thereafter filed its motion for a new trial, assigning as causes therefor that the finding of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. This motion was overruled, and appellant excepted. Judgment was rendered in favor of appellees and this appeal perfected, the appellant assigning as errors that the court erred in each of its conclusions of law and erred in overruling its motion for a new trial.

The facts as found by the trial court, and which are controlling in determining the rights of the parties, may be summarized as follows: On April 4th, 1929, the Citizens State Bank of Hartford City, Indiana, commenced an action against one Samuel Landon and others who had executed to it certain promissory notes, to recover judgment on said notes, and to this action it made defendants, Maggie V. Baker and Charles Baker, her husband, and also sought to set aside as fraudulent a conveyance of the real estate in controversy in this action, executed by said Samuel Landon to said Maggie V. Baker, his daughter, and to subject said real estate to the payment of the indebtedness alleged to be due to said Citizens State Bank; on April 10th, 1929, after the commencement of its action said Citizens State Bank filed a *lis pendens* notice in due form in the office of the clerk of the Blackford Circuit Court, describing therein the real estate in controversy in this action and stating the right and interest claimed by it in said real estate, which notice was duly recorded in the Lis Pendens Record No. One of the records in the office of said clerk; after this notice was recorded and during the pendency of the action brought, Maggie V. Baker and her husband, Charles Baker, on May 8th, 1929, executed a deed to the said Samuel Landon attempting to re-convey the said real estate to him, and on the following day the said Landon deeded said real

estate to one Luther B. Simmons, as assignee, this last conveyance being in the form of a general assignment for the benefit of creditors, and thereafter Luther B. Simmons, as assignee, was made a party defendant to said suit; the venue was then changed to the Jay Circuit Court and a trial of the cause resulted in a judgment in favor of said Citizens State Bank against said Landon for $1,009.51 and setting aside the conveyances from Landon to Baker and from Landon to Simmons, as assignee, and decreeing that the real estate in controversy here be subjected to the payment of the amount found due to said bank, and that it be sold as lands are sold on execution, the proceeds of the sale to be applied first to the payment of the costs accrued and to accrue in that action; second, to the payment of the sum found due the bank from the defendant Samuel Landon; and third, that the balance, if any, be paid to Luther B. Simmons, as assignee, of Samuel Landon; this judgment was rendered on April 5th, 1930, and a transcript of the same was filed in the office of the clerk of the Blackford Circuit Court; on the same day a certified copy of the judgment and decree of the Jay Circuit Court over the signature and seal of the clerk of said court was executed and delivered to the sheriff of Blackford County, the county within which said real estate was located, directing that he levy upon and make sale of said real estate; the levy was made on said 5th day of April, 1930, the sheriff thereafter, on the same day, filing a *lis pendens* notice thereof in the office of the clerk of the Blackford Circuit Court which notice was duly and legally recorded; on April 28th, 1930, after due advertisement, the sheriff of Blackford County, sold said real estate to the appellees herein, and executed to them on said date his sheriff's certificate of sale, in due form, and made return of his proceedings in connection with the sale of said real estate; appellees

paid $1,400 in cash for said real estate, and upon the day of purchase the keys to the buildings located thereon were delivered to them by Luther B. Simmons, assignee for the benefit of the creditors of said Landon, and they thereafter entered into possession of said real estate and retained such possession, refusing to surrender same upon demand of the appellant made before the bringing of this action.

Appellant's claim of ownership and right to immediate possession of the real estate involved is based on the following facts: On April 23rd, 1929, appellant filed in the Blackford Circuit Court four suits against Samuel Landon and others to recover judgment on notes executed by them to said appellant, and to set aside as fraudulent the deed made by Samuel Landon to Maggie V. Baker; these four suits were consolidated for trial and after the execution of the deeds from Maggie V. Baker and her husband to Landon and by Landon to Luther B. Simmons, as assignee, as hereinbefore stated, the said Simmons, as assignee, was made a party defendant to said consolidated cases; no *lis pendens* notice was given in any of these cases; such proceedings resulted in a judgment in favor of the First State Bank of Dunkirk (appellant) against Samuel Landon for $1,839.27 and further that the deed from said Landon to said Maggie V. Baker be set aside, and that the real estate therein described be sold to satisfy the judgment against Landon, and Luther B. Simmons was appointed as commissioner to make sale of same; no finding was made as to the deed executed by said Landon to Luther B. Simmons, as assignee for the benefit of the creditors of said Landon; said Luther B. Simmons, as commissioner of the Blackford Circuit Court, pursuant to and in accordance with the order of said court, sold said real estate to appellant on the 28th day of April, 1930, and on the same day such sale was

reported, and a deed for said real estate was presented to and approved by the court; this deed was delivered to appellant on April 29th, 1930, and was duly recorded on that day; in this deed the parties to the action were not named, and subsequently, after the commencement of this action for possession of said real estate, appellant filed its application in said Blackford Circuit Court to correct the commissioner's deed theretofore approved by said court, and such action was taken that in January, 1931, another deed (in the form provided for by Sec. 1094, Burns 1926, §896, Baldwin's 1934), was executed by said commissioner and approved by said court and appellant caused same to be duly recorded on January 16th, 1931.

From the foregoing facts it appears that the real estate in controversy here has been sold twice under and by virtue of judgments rendered by courts of equal jurisdiction. Both sales were on the same day and neither of the judgment plaintiffs was a party defendant to the suit brought by the other. One of the purchasers (appellant) bought at a sale made through a commissioner appointed by the court decreeing the sale, and received a deed approved by said court from the person designated by the court to make the sale and conveyance; the other purchasers (appellees) bought at a sale where the decree of the court ordered said real estate sold "as lands are sold on execution," and received from the sheriff conducting such sale a sheriff's certificate of sale.

It is well settled that a sheriff's certificate of sale does not convey title and that it gives no right of possession. Our decisions are so uniform to this effect that we deem the citation of authorities unnecessary.

Appellees assert that the deed to appellant under date of April 28th, 1930, was void because it did not con-

tain the names of the parties to the suit in which the commissioner who made the sale and conveyance was appointed, and rely upon sec. 1092, Burns 1926, (§893, Baldwin's 1934), to sustain this assertion; they further contend that the appellant's title must have been good at the time its suit for possession was filed, and that the second commissioner's deed having been executed subsequent to the filing of the complaint in this cause would give no right to a judgment for possession in this action, and that since the Blackford Circuit Court failed to set aside the deed made by Samuel Landon to Luther B. Simmons, assignee, the title to said real estate was in said assignee, and that therefore, the judgment below should be affirmed.

We are of the opinion that the statute cited by appellees has no controlling influence here. Our statutory law relating to conveyances by commissioners (sections 1086 to 1094, inclusive, Burns 1926, §§888-896, Baldwin's 1934) applies only to cases of the character therein mentioned and the suit in which the commisisoner here was appointed does not fall within the category of cases designated in such statutes. The deed made, recited that it was made "by order of the Blackford Circuit Court, duly entered in order book 43 on pages 270 to 272 thereof;" it contained a sufficient description of the real estate; it was duly signed and acknowledged by the commissioner appointed to make the sale, and it was approved by the court, its written approval being endorsed thereon. This, we hold, was sufficient in form to convey title.

The Blackford Circuit Court, when it entered its decree setting aside the deed from Landon to Baker, ordering the real estate in controversy sold, and appointing a commissioner to make sale, was acting as a court of equity. It had authority to order sale of the real estate in the manner authorized,

and to cause the title thereto to be conveyed by any person empowered by it to do so. In the absence of a statute to the contrary, the instrument of the court in making the sale may be selected and designated by the court. In the case of *McNally* v. *White* (1899), 154 Ind. 163, 54 N. E. 794, our Supreme Court said: "The rule is well settled that, in an action by creditors, in a court of equity, assailing a fraudulent transfer of property, the court may by its decree direct that the property be sold upon an order of sale instead of an execution. The creditor having already been hindered in the collection of his debt, ought not, as a general proposition, be further delayed by being compelled to resort to an execution." See, *Simons, Admr.* v. *Busby* (1888), 119 Ind. 13, 21 N. E. 451; *Pensinger* v. *Jarecki Manufacturing Co.* (1922), 78 Ind. App. 569, 574, 136 N. E. 641; *Pilliod* v. *Angola R., etc., Co.* (1911), 46 Ind. App. 719, 91 N. E. 829; *Leader Publishing Co.* v. *Grant Trust, etc., Co.* (1915), 182 Ind. 651, 108 N. E. 121.

Did the failure of the Blackford Circuit Court to expressly set aside the deeds from Baker to Landon and from Landon to Simmons, as assignee, operate to leave the title in the assignee, despite the conveyance made to appellant, under the direction and by order of said court, as contended by appellees? We cannot so hold. All were parties defendant to the action prosecuted to judgment by appellant, and were parties at the time of the entry of the order that the real estate be sold by a commissioner; the deed to Simmons, as assignee, was executed while the action was pending, and all parties to the action were bound by the decree of the court entered in the cause. To hold otherwise would be to permit parties to litigation to render nugatory by intermediate conveyances the judgments and decrees of courts. *Wilson* v. *Hefflin* (1881), 81 Ind. 35; *Hines* v. *Dresher* (1884), 93 Ind.

551; *Rothschild* v. *Leonhard* (1904), 33 Ind. App. 452, 71 N. E. 673; *Schaffner* v. *Voss* (1910), 46 Ind. App. 551, 93 N. E. 235; *Eyster* v. *Gaff* (1875), 91 U. S. 521, 23 Law Edition 403.

The first conclusion of law stated by the lower court is as follows: "That the defendants Washington A. Cunningham and Sarah J. Cunningham are entitled to and have a first and superior lien, prior and superior to the lien and claim of the plaintiff upon the real estate in controversy, to wit: (Here follows a description of said real estate), and that the plaintiff is not entitled to the possession of said real estate." The second conclusion is "that the plaintiff should take nothing by its action herein and that the defendants are entitled to recover their costs of and from the plaintiff." The judgment is in accordance with the second conclusion of law.

The issues joined presented only the questions of present ownership and right to possession. The first conclusion of law, insofar as it relates to any lien held by appellees, was outside the issues, and, we assume, it was because of this fact, that the court failed to render any judgment on such conclusion. What the respective rights of the appellant and appellees, or their successors in interest, will be, when and if the appellees, or their successors in interest, obtain a sheriff's deed to the real estate involved, is a question not presented by this record, and concerning which we refrain from expressing any opinion.

The court erred in its ruling on the motion for a new trial and in its conclusions of law. Under the facts in this case we deem it best that a new trial be granted. Judgment reversed with instructions to the court below to sustain appellant's motion for a new trial.